## UNITED STATES v. HERRIG.

(District Court, D. Montana. March 24, 1913.)

No. 1,995.

1. BANKS AND BANKING (§ 256*)—NATIONAL BANKS—OFFENSES—REPORTS TO COMPTROLLER—"FALSE ENTRIES."

The term "false entries," as used in Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), making it an offense for an officer of a national banking association to make false entries in reports to the Comptroller of the Currency, means untrue statements of items of account by written words, figures, or marks made therein, and was not satisfied by a mere unfilled blank in such report, viz., "Notes and bills rediscounted, ......," when in fact the bank had rediscounted $5,000 worth of its paper.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 965, 966, 970–976; Dec. Dig. § 256.*

For other definitions, see Words and Phrases, vol. 3, pp. 2656, 2657; vol. 8, p. 7660.]

2. BANKS AND BANKING (§ 256*)—NATIONAL BANKS—OFFENSES—FALSE ENTRIES—REPORT TO COMPTROLLER.

Under Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), making it an offense for a person knowingly to make false entries in reports of the condition of national banks to the Comptroller of the Currency, only those persons who knowingly make the false entries are chargeable, and not an officer of the bank who verifies the bank's report containing a false entry for which he was not responsible.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 958–964, 967; Dec. Dig. § 256.*]

A. L. Herrigg was indicted for making alleged false entries in a report of a national banking association to the Comptroller. Demurrer to indictment sustained, and defendant discharged.

James W. Freeman, U. S. Atty., and S. C. Ford, Asst. U. S. Atty., both of Helena, Mont.

O. W. McConnell, of Helena, Mont., J. W. Speer, of Great Falls, Mont., and C. A. Rose, of Havre, Mont., for defendant.

BOURQUIN, District Judge. The defendant, on trial for alleged false entries made by him contrary to section 5209, R. S. (U. S. Comp. St. 1901, p. 3497), in a national banking association's reports to the Comptroller, objects to admission in evidence of the reports, in that the false entries relied on are not entries made by him or are true, though incomplete. The false entries alleged in the indictment are that defendant in reports verified by him, with the requisite evil intent, made entries thus, "Notes and bills rediscounted, ......;" that

they were false, in that there were notes and bills rediscounted to the amount of $5,000.

The reports disclose they are on forms furnished by the Comptroller, and contain many numbered items in print, with blank columns wherein to enter the several amounts thereof. "Notes and bills rediscounted" is one of the printed items therein, and defendant failed to enter the amount thereof, or to make any entry of any kind in connection therewith. The government contends that by adoption they are defendant's entries, and are false, in that the unfilled blank for the amount is equivalent to or implies an assertion by defendant that there were no notes and bills rediscounted. In disposing of the matter the court said:

The objection virtually challenges the sufficiency of the indictment to state an offense. The practice of refraining from demurring and of raising the issue by objections to evidence is to be discouraged, in that it is ill-timed, may find opposing counsel unprepared, and constrains the court "on circuit" to hasty determination of novel and grave law questions, with neither opportunity nor time for the research and consideration their importance merits. For that reason, and so that no technical advantage may accrue from the tactics employed, the objection is overruled pro forma (perhaps it might more properly be undetermined). In the court's opinion, however, the indictment does not charge an offense, and hence, as though demurred to and demurrer sustained, it is ordered dismissed. The defendant is discharged, and the jury excused.

The government's contention cannot be sustained. This is a statutory offense. The statute must be strictly construed, not to defeat the legislative will, but to effectuate it, to the end that no case not by Congress brought within the letter of the statute shall be included by construction. Though a case may appear of equal atrocity to those of the statute, or within the mischief thereof, if it be not clearly within the letter of the statute, it is clearly without it.

"Before a man can be punished, his case must be plainly and unmistakably within the statute." U. S. v. Brewer, 139 U. S. 278, 11 Sup. Ct. 538, 35 L. Ed. 190.

[1, 2] The statute prohibits making false entries. Neither false reports nor false verifications are within the statute. False entries in reports are untrue statements of items of account, by written words, figures, or marks made therein. Within the statute here involved they are the offense of him only who knowingly made them or caused them to be made. He who is not so responsible for a false entry is not guilty of making a false entry, though he verifies the association's report containing it. Cochran v. U. S., 157 U. S. 287, 15 Sup. Ct. 628, 39 L. Ed. 704; Richardson v. U. S., 104 C. C. A. 69, 181 Fed. 1; U. S. v. Crecilius (D. C.) 34 Fed. 30.

Here the entry as set out in the indictment is true, and not false, though it fails to set out the amount of the notes and bills rediscounted. To convert it into a false entry, it must be implied the negative "None" is intended to follow. If it were a necessary implication, doubtless it would be indulged. But it is not. An implied affirmative

is as reasonable—more reasonable, in view of the presumption of innocence. The most that can be said is that the entry is ambiguous.

If implications were permissible in cases like this at bar, whether the offense of making false entries was committed would depend on some subsequent mental process of the Comptroller. In this case one Comptroller might imply a negative, and so convert the entry into a false entry and the maker into an offender, and another Comptroller might imply an affirmative and so maintain the integrity of the entry and the innocence of its maker.

Men's guilt or innocence depends on their own acts and their aspect when performed; not on the alternative inferences of other persons thereafter. Doubtless the Comptroller could have rejected the reports as no reports in so far as the item involved is concerned, and could have imposed the penalty of $100 per day, till reports made, provided for by section 5213, R. S. (U. S. Comp. St. 1901, p. 3499). But he could not accept them and by implication convert an incomplete, but literally true, entry therein into a false entry. And if we look beyond this indictment to the reports offered in evidence, it may be observed that a blank is not an entry. Instead of making a false entry, guilty action, defendant did not make any entry, mere inaction. Nor could the printed item in the form under any circumstances become a false entry by adoption made by defendant. If false, it might be a false statement by adoption; but, since defendant neither made nor caused it to be made, it could not be a false entry made by him. Hence, no offense within the statute involved.

The court is advised that the question here involved has been several times like decided in several districts, and that this indictment was sought by the Comptroller's office contrary to the advice of the government's counsel. It would seem that the Comptroller's office should either accept these decisions as law or seek a review thereof. Otherwise, prosecution is persecution.