# UNITED STATES *v.* BREWER.

CERTIFICATE OF DIVISION OF OPINION FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT ·OF TENNESSEE.

No. 1178. Argued and submitted March 13, 1891.—Decided March 23, 1891.

Sections 1067, 1068 and 1070 of the Code of Tennessee of 1884, by Milliken & Vertrees do not require that, after an election, the ballot-box shall be opened at the place where the election was held, and the names of the persons appearing in each ballot be read aloud at that place, and the ballot-box not be removed from that place before the votes are counted, so as to make an indictment good, under § 5515 of the Revised Statutes of the United States, relating to an election at which a Representative or Delegate in Congress is voted for, which alleges, as a neglect or refusal to perform a duty, required of the officer of an election, by a law

of a State, and as a violation of a duty imposed by such law, a failure to open the ballot-box at that place, and a failure to read aloud such names at that place, and the removing of the ballot-box from that place before the votes were counted, no fraud being averred in the indictment, and no intent to affect the election or its result, and there being no allegation that the election or its result was affected.

Two questions in a certificate of division in a criminal case were not answered, because they were too general, one being whether a demurrer to an indictment ought to be sustained, and the other being whether the matters alleged in the indictment constituted an offence under the statute of the United States.

A question was not answered, because the answers to other questions disposed of the case.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff.    *Mr. Attorney General* was on the brief.

*Mr. Julius A. Taylor* for defendants submitted on his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an indictment against three persons, found in the Circuit Court of the United States for the Western District of Tennessee, under section 5515 of the Revised Statutes.

That section, with its punctuation, as published in the second edition of the Revised Statutes, is as follows: "SEC. 5515. Every officer of an election at which any Representative or Delegate in Congress is voted for, whether such officer of election be appointed or created by or under any law or authority of the United States, or by or under any State, territorial, district or municipal law or authority, who neglects or refuses to perform any duty in regard to such election required of him by any law of the United States, or of any State or Territory thereof; or who violates any duty so imposed; or who knowingly does any acts thereby unauthorized, with intent to affect any such election, or the result thereof; or who fraudulently makes any false certificate of the result of such election in regard to such Representative or Delegate; or who withholds, conceals or destroys any certificate of record so

required by law respecting the election of any such Repre-
sentative or Delegate; or who neglects or refuses to make and
return such certificate as required by law; or who aids, coun-
sels, procures or advises any voter, person, or officer to do any
act by this or any of the preceding sections made a crime, or
to omit to do any duty the omission of which is by this or any
of such sections made a crime, or attempts to do so, shall be
punished as prescribed in section fifty-five hundred and eleven."

It purports to be a reënactment of section 22 of the act of
May 31, 1870, ch. 114, (16 Stat. 145,) which, with its punctua-
tion, as published, was as follows: " SEC. 22. *And be it further
enacted*, That any officer of any election at which any repre-
sentative or delegate in the Congress of the United States shall
be voted for, whether such officer of election be appointed or
created by or under any law or authority of the United States,
or by or under any State, territorial, district or municipal law
or authority, who shall neglect or refuse to perform any duty
in regard to such election required of him by any law of the
United States, or of any State or Territory thereof; or violate
any duty so imposed, or knowingly do any act thereby un-
authorized, with intent to affect any such election, or the
result thereof; or fraudulently make any false certificate of
the result of such election in regard to such representative or
delegate; or withhold, conceal or destroy any certificate of
record so required by law respecting, concerning or pertaining
to the election of any such representative or delegate; or
neglect or refuse to make and return the same as so required
by law; or aid, counsel, procure or advise any voter, person
or officer to do any act by this or any of the preceding sec-
tions made a crime; or to omit to do any duty the omission
of which is by this or any of said sections made a crime, or
attempt to do so, shall be deemed guilty of a crime and shall
be liable to prosecution and punishment therefor, as provided
in the nineteenth section of this act for persons guilty of any
of the crimes therein specified."

The indictment originally contained four counts. The first
count alleged that on the 6th of November, 1888, in the
county of Shelby, Tennessee, at the third ward of Memphis,

an election for a Representative in the Congress of the United States for the Tenth Congressional District of Tennessee was held, at the southeast corner of Gayoso and Second Streets, Memphis, in the fourteenth civil district of that county; that at that election two of the defendants were the judges thereof and the other was the returning officer thereof, holding the election, "at which election such representative in Congress was then and there voted for; that it then and there thereby became and was the luty (among others) of the said judges and returning officer of said election, when the same was finished and after the polls were closed, then and there at the said place of holding the same, and at the place where the ballots were cast at said election, to open the ballot-box then and there used at said election and then and there containing the ballots cast at said election, in the presence of such of the electors at said election as might choose to attend, and to read aloud the names of the persons which should appear in each ballot in the said ballot-box so cast at said election;" and that the defendants did then and there "unlawfully neglect to perform their said duty in regard to the said election, as required of them by law, by then and there, and after the said election was finished, and after the polls at said election were closed, and before the counting of the votes cast at said election, failing to so open the said ballot-box at the place where the said election was held, and to so then and there at the place last aforesaid read aloud the names of the persons which should then and there appear in each ballot in the said ballot-box, the same being the duly designated place of holding the said election."

The second count, with the same preliminary allegations as in the first count, averred that the defendants unlawfully refused to perform their said duty, by failing to do what it was alleged in the first count they failed to do, "and by then and there, and after the said election was finished and the polls thereof were closed, unlawfully removing the said ballot-box from the place where the said election was held, and before the counting of the votes cast at the said election, the same being the duly designated place of holding the said election."

The third count, after making the same preliminary allegations, averred that the defendants did unlawfully violate their said duty by failing to do what it was alleged in the first and second counts they failed to do, and by unlawfully removing the ballot-box as averred in the second count.

The fourth count averred that the defendants did "unlawfully and knowingly, and with intent to affect the said election and the result thereof, and after the said election was finished, and after the polls at said election were closed, and before the counting of the votes cast at said election, remove the ballot-box used at said election, and then and there containing the ballots cast at said election, from the place aforesaid where the said election was held, the same being the duly designated place of holding the said election, such removal of the said ballot-box being unauthorized by law, and contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the United States of America."

The indictment is based on the view that certain sections of the statutes of Tennessee must be so construed as to require that the ballot-box shall not be removed from the place where the election was held, before the votes cast are counted, and that they shall be counted at the place where the election was held, immediately after the closing of the polls.

The defendants being brought into court, a *nolle prosequi* as to the fourth count was entered, on motion of the district attorney. The defendants demurred to the other three counts, setting forth the following grounds of demurrer:

"1. Because the matters and things stated and set forth in said three counts, in manner and form as therein contained, do not constitute offences against the laws of the United States and do not come within the purview, true intent and meaning of section 5515 of the Revised Statutes of the United States, nor of any act of the Congress of the United States of America.

"2. Because there was no duty imposed by the laws of the State of Tennessee, or by the laws of the United States, or otherwise, (as stated and set forth in each of said three counts

of said indictment,) upon these defendants; as 'said judges and returning officer of said election, when the same was finished and after the polls were closed, then and there, and at the place of holding the same, and at the place where the ballots were cast at the said election, to open the ballot-box then and there used at said election,' in manner and form as the said duty is alleged in said three counts.

" 3. Because the first count of said indictment and the matters and things therein contained, in the manner and form as the same are therein stated and set forth, do not allege any crime or offence against the laws of the United States, or a neglect to perform any duty imposed by the laws of the State of Tennessee, or otherwise, upon these defendants, as returning officer and judges of the said election.

" 4. Because the matters and things contained in the second count of said indictment, in manner and form as the same are therein stated and set forth, do not allege the refusal to perform any duty imposed by the laws of the State of Tennessee, or otherwise, upon these defendants, as judges and returning officer of the said election.

" 5. Because the matters and things contained in the third count of said indictment, in manner and form as the same are therein stated and set forth, do not allege the violation of any duty imposed by the laws of the State of Tennessee, or otherwise, upon these defendants, as returning officer and judges of the said election.

" 6. Because neither the laws of the State of Tennessee nor the laws of the United States made it the duty of these defendants, as returning officer and judges of the said election, 'when the same was finished and after the polls were closed,' to open the ballot-box then and there used at the said election 'at the said place of holding the same and at the place where the ballots were cast at said election,' in manner and form as such duty is stated and set forth in each of said three counts of said indictment.

" 7. Because a removal of the ballot-box used at said election 'from the place where said election was held, and before the counting of the votes cast at said election,' as alleged

against these defendants in the second count of said indict-
ment, was not in law a refusal by these defendants, as such
returning officer and judges, to perform any duty imposed
upon them by the laws of the State of Tennessee or of the
United States, or otherwise, in manner and form as such duty
is stated and set forth in said second count of the said in-
dictment.

"8. Because the removing by these defendants, as alleged
in the third count of the said indictment, of the ballot-box,
'from the place where said election was held and before the
counting of the votes cast at said election, the same being the
duly designated place of holding said election,' was in violation
of no duty imposed by the laws of the State of Tennessee, or
of the United States, or otherwise, upon these defendants, as
such returning officer and judges, as such duty is stated and
set forth in the said third count of said indictment.

"9. Because there is no allegation in any of the first three
counts of said indictment of an intent on the part of these
defendants, or any or either of them, to affect the said election
or the result thereof.

"10. Because, as the duty stated and set forth in each of
the first three counts of said indictment was not imposed by
any law of the State of Tennessee, or of the United States, or
otherwise, upon the defendants, as such judges and returning
officer, the matters and things in said three counts in manner
and form as therein contained do not constitute offences
against the provisions of section 5515 of the Revised Statutes
of the United States, nor of any law of the United States,
there being in no one of said counts, any allegation of an in-
tent on the part of these defendants to affect the said election
or the result thereof."

There was a joinder in the demurrer, and it was argued
before the court, held by the Circuit Judge and the District
Judge.  They were divided in opinion on the questions raised
by the demurrer, and certified to this court the points upon
which they disagreed, as follows :

"1. Whether the said demurrer, so filed, to the first three
counts of the indictment aforesaid, ought to be sustained.

" 2. Whether the matters and things alleged and set forth in the first three counts of said indictment constitute an offence or offences under section 5515 of the Revised Statutes of the United States, or under any other law or statute of the United States.

" 3. Whether the laws of the State of Tennessee imposed upon said defendants, as such returning officer and judges of election, at the said election, the duty, when the election was finished and after the polls were closed, of opening the ballot-box used at the said election, at the place of holding the same, to wit, at the place where the ballots of said election were cast.

" 4. Whether, under the laws of the State of Tennessee, it was a violation of duty imposed upon the defendants, as such judges and officer of election, at the said election, for said defendants, when the said election was finished and after the polls were closed, to remove the ballot-box used at said election from the place where the same was held, and where the ballots were cast at said election, to another place, for the purpose of opening the said ballot-box and reading aloud the names of the persons appearing on each ballot, as contemplated by section 1068 of the Code of Tennessee, (Milliken & Vertrees' edition).

" 5. Whether it was the duty, under the laws of the State of Tennessee, of the said defendants, as judges and officer of the said election, after the same was finished and after the polls at said election were closed, to open the ballot-box used at said election, to wit, at the southeast corner of Gayoso and Second Streets, in Memphis, Tennessee, the same being the duly designated place of holding said election, and the place where said election was held, and to there read aloud the names of the persons appearing on each ballot cast at said election, as contemplated by said section 1068 of the Code of Tennessee.

" 6. Whether it was a violation of duty imposed by the laws of the State of Tennessee upon the defendants as judges and officer of said election, when the same was finished, and after the polls at said election were closed, and before the counting

of the votes cast at said election, to remove the said ballot-box from the southeast corner of Gayoso and Second Streets, in Memphis, Tennessee, that being the designated place of holding said election and the place where the same was held, for the purpose of opening the said ballot-box and reading aloud the names of the persons appearing on each ballot cast at said election, as contemplated by said section 1068 of the Code of Tennessee.

"7. Whether it was a neglect or refusal of duty imposed by the laws of the State of Tennessee upon the defendants, as judges and officer of the said election, when the same was finished, and after the polls at said election were closed, and before the counting of the votes cast at said election, to fail to open the ballot-box used at said election at the southeast corner of Gayoso and Second streets, in Memphis, Tennessee, that being the duly designated place of holding said election, and the place where the same was held, and to there read aloud the names of the persons appearing on each ballot cast at said election, as contemplated by said section 1068 of said Code of Tennessee.

"8. Whether the first three counts of said indictment, or any of them, are bad because no one of the said counts contains an allegation that the matters and things therein respectively charged and set forth against said defendants, as judges and officer of the election aforesaid, were so done by them with intent to affect the said election and the result thereof."

The first two questions certified are in such a general form that this court cannot answer them, as has been repeatedly held. *United States* v. *Northway*, 120 U. S. 327; *Dublin Township* v. *Milford Savings Institution*, 128 U. S. 510, 514; *United States* v. *Hall*, 131 U. S. 50; *United States* v. *Lacher*, 134 U. S. 624, 632.

As to questions 3, 4, 5, 6 and 7, we are of opinion that they must be answered in the negative.

The statutes of Tennessee which relate particularly to the question involved are sections 1067, 1068 and 1070 of the Code of Tennessee of 1884, by Milliken & Vertrees, which are as follows: "Sec. 1067. The officer or person and judges ap-

pointed to hold an election shall not proceed to or commence counting out the votes given in the election until the polls shall have been closed. Sec. 1068. When the election is finished, the returning officer and judges shall, in the presence of such of the electors as may choose to attend, open the box and read aloud the names of the persons which shall appear in each ballot; and the clerks, at the same time, shall number the ballots, each clerk separately." "Sec. 1070. The inspectors have authority to maintain regularity and order in the balloting; to keep access to the polls free and unobstructed; to prevent all disorderly and riotous conduct during the election, and during the counting of the votes after the polls are closed; and for this purpose they are vested with all the powers of a peace officer."

It is contended that these sections impliedly require that the box shall be opened, and the names of the persons appearing in each ballot read aloud, at the place where the election was held, and that the ballot-box shall not be removed from the place where the election was held before the votes are counted. But this is urged merely as an implication. The statute does not provide distinctly and specifically, and in words required in a criminal statute, that the box shall be opened at the place where the election was held, and the names of the persons appearing in each ballot be read aloud at that place, and the ballot-box not be removed from that place before the votes cast are counted.

We are not referred to any statute of Tennessee, or to any construction given by its courts to the sections of the statute above referred to, which declares it to be the duty of the officers of election to count the votes at the place where the election was held. The implication of the decision in *McCraw v. Harralson*, (4 Coldwell, 34, 44, 45,) made in 1867, is to the contrary. In that case, section 864 of 1 Thompson & Steger's Statutes of 1871, which section was enacted in 1835, provided that "the officer or person holding any election of county officers shall compare the polls at the court-house, on the first Monday after said election, and shall deliver to each person elected a certificate of his election." The officers holding the

election in controversy did not compare the polls at the court-house, but counted the votes in a private house in the town in which the court-house was situated; and the court held that, the returns having been made to the court-house, and the county court being in session, the counting of the votes at a private house in the town was a sufficient compliance with the requirements of the statute, and constituted no ground, in the absence of all fraud or misconduct in comparing the polls and counting the votes, for setting aside the election.

Laws which create crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. *United States* v. *Sharp,* Pet. C. C. 118. Before a man can be punished, his case must be plainly and unmistakably within the statute. *United States* v. *Lacher,* 134 U. S. 624, 628. We are of opinion, therefore, that questions 3, 4, 5, 6 and 7 must be answered in the negative, no fraud being averred in the indictment, and no intent to affect the election or its result, and there being no allegation that the election or its result was affected.

This disposition of questions 3, 4, 5, 6 and 7 requires that the demurrer to the indictment be sustained, and makes it unnecessary to answer question 8.

> *Questions 1 and 2 are not answered because they are too general. Questions 3, 4, 5, 6 and 7 are answered in the negative, and question 8 is not answered because it is unnecessary to answer it.*