## UNITED STATES v. McCLARTY.

(District Court, W. D. Kentucky. September 16, 1911.)

### No. 7,610.

Banks and Banking (§ 256*)—National Banks—Offenses—"Making False Entries."

Concealment by the president of a national bank from the bookkeeper of facts necessary to enable the latter to make accurate entries in the books of the bank, by reason of which fact he made false entries, does not constitute the making of false entries by the president which is made a criminal offense by Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497).

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 958–967; Dec. Dig. § 256.*]

Criminal proceeding by the United States by indictment against Clinton C. McClarty. On demurrer to indictment. Demurrer sustained.

See, also, 191 Fed. 518.

George Du Relle, U. S. Dist. Atty.

O'Doherty & Yonts, Kohn, Baird, Sloss & Kohn, and W. M. Smith, for defendant.

EVANS, District Judge. The three counts in the indictment in this case charge similar offenses in substantially similar language. In substance, in each count the accused, who was president of the First National Bank of Louisville, Ky., is charged with having made a false entry on one of the bank's books; but, while it is charged in general terms that the respective entries were made by the accused, each count explicitly shows that the entry referred to therein was in fact made by Vivian A. Lloyd, the general bookkeeper, and not by the accused. The contention of the government, shortly stated, is that while Lloyd made the entry in each instance, and while he knew nothing of its falsity when he made it, yet that it was the duty of the accused to have informed Lloyd of the real facts respecting certain large drafts drawn on the Fourth National Bank of New York by C. C. Bickel, vice president of the First National Bank, and thereby have secured accurate entries, that the accused, instead of performing that duty, concealed those facts from Lloyd, who, in ignorance of them, made the entries, and that, under these circumstances, the act of Lloyd in making the entries should be imputed to the accused, and be regarded as his, instead of Lloyd's. It is not charged that the accused

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in any way ordered or directed Lloyd to make either of the entries, nor is it charged that at the time of making the entries, nor before that time, the accused knew of them. On the contrary, it is, in substance, charged that, instead of ordering the entries to be made, the accused concealed the facts from Lloyd, who in ignorance made the false entries. In this state of case the question is, Does the language of section 5209 of the Revised Statutes (U. S. Comp. St. 1901, p. 3497) admit of a construction by which the act of Lloyd could be imputed to the accused, and he be held to have himself made the entries. That section, so far as applicable, is as follows:

"That every president * * * of any such association * * * who makes any false entry in any book * * * of the association * * * with intent * * * to deceive any * * * agent appointed to examine the affairs of any such association [shall be guilty of a public offense]."

Obviously this language only creates the offense when the president makes the false entry. Of course, if Lloyd had been in any way directed by the accused to make the entries, they could fairly and properly be regarded as having been made by the latter, because in that event they would have been made by his express procuration. But no such directions were given. On the contrary, as we have seen, the indictment avers that the facts upon which correct entries could have been made were "concealed" from Lloyd by the president of the bank. Under these circumstances, does any established rule for the interpretation of criminal statutes authorize the court to hold that the acts of Lloyd in making the entries without instructions or orders from the accused were nevertheless the acts of the latter within the meaning of the statute? We think not. In our conception the statute admits only of the construction that the false entry must be made by the officer of the bank in person, or, if by another, the latter must, in an affirmative way, be authorized or directed by the officer to make the particular entry. Familiar rules for the strict construction of criminal statutes demand this. By no proper construction of the language of section 5209 can the court hold that the mere concealment by the president of a national bank of information from a bookkeeper who, in ignorance, but without any instructions from the president, makes an entry on his own motion, shall be equivalent to the president himself making the false entry within the meaning of the statute. If we hold otherwise, we must insert a clause in the statute which Congress omitted. Obviously Congress did not in the section say directly or indirectly that concealment of a fact from a bookkeeper by a president should be equivalent to the president's doing any act which the bookkeeper might do in the absence of the information, and for the court to insert a clause to that effect in the section would be an amendment of its provisions, and not an interpretation of them. The latter is, but the former is not, within the functions of the court.

In United States v. Brewer, 139 U. S. 278, 11 Sup. Ct. 538, 35 L. Ed. 190, Mr. Justice Blatchford, speaking for the court, said: "Before a man can be punished, his case must be plainly and unmistakably within the statute." We think this language forcibly applies to the situation before us. Having somewhat at length gone into kindred

questions in another case of the United States v. McClarty (No. 7,609) 191 Fed. 518, we have dealt briefly with this case, but believing, as we do, that false entries under section 5209 must be made by the accused personally or by some one under orders or directions actually given by him, we think it clear that the offenses charged in this indictment are not plainly and unmistakably within the statute, to use the language of the Supreme Court.

As neither count, therefore, sufficiently charges a public offense, the demurrer should be sustained to each of them, and the indictment should be quashed and dismissed. A judgment accordingly may be entered.