## UNITED STATES v. SHREVEPORT GRAIN & ELEVATOR CO.

### No. 5542.

District Court, W. D. Louisiana, Shreveport Division.

Sept. 16, 1930.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Pugh, Grimmet & Boatner, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This is a criminal information, charging the defendant with misbranding certain corn bran, in violation of the Pure Food & Drugs Act of June 30, 1906 (34 Stat. 768 [21 USCA §§ 1–5, 7–15]) in that each sack of said product was branded as containing "100 lbs. net," whereas in truth they contained a lesser quantity. By amendment it is charged that some of the sacks contained not more than 85 pounds net, and that the average was about 96 pounds.

Defendant moved to quash the information on the ground that said act violates articles 1, 2, and 3 of the federal Constitution because it attempts "to grant legislative powers to the judiciary and to the executive departments of the government"; and it violates the Fifth Amendment to the Constitution, in that it "seeks to deprive of life, liberty and property without due process of law," as well as the Fourteenth Amendment, "for the same reason"; and, further, that it violates the Sixth Amendment because "it is too indefinite, sets up no ascertainable standard of guilt and defendant cannot be informed of the nature and cause of the accusation against it thereunder."

After declaring that sacks or packages containing articles of food shall have the net weight or measure plainly stamped thereon, the third paragraph of section 8 of the act, as amended (37 Stat. 732, 21 USCA § 10,

par. third), provides as follows: "Third. If in package form, the quantity of the contents be not plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count. Reasonable variations shall be permitted, and tolerances and also exemptions as to small packages shall be established by rules and regulations made in accordance with the provisions of section 3 of this title."

It must be remembered that this is a criminal action for the alleged violation of this statute, one of the very few that have been brought thereunder, and, while the proceeding is against a corporation, it might easily have been one charging an individual, who in default of payment of fine could be subjected to imprisonment. Hence a much stricter construction is required than if it were merely an act affecting civil rights. I have no doubt that Congress has the power, for the protection of the public, to require that packages containing articles of food shall have stamped thereon the correct weight or number, and that the dealer, without having any fraudulent or criminal purpose, may, in an extensive business, be unable to comply exactly in each instance with this requirement. However, in such circumstances, it would be a question of intent for the court and jury, if there was a variation, but the dealer would have a fixed standard by which to be guided, whereas, under the quoted provision of the act, its violation, in large measure, is left either to the discretion of the enforcing department in making the rules or regulations, or to the judgment of the court and jury in each instance as to what is reasonable. This might vary according to the views of the particular tribunal, and the dealer could never know whether he was violating the law or not until he was brought into court.

For these reasons, I believe the asserted ground of unconstitutionality under the Sixth Amendment, is well founded. See U. S. v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Connally v. General Const. Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; Yu Cong Eng v. Trinidad, 271 U. S. 500, 46 S. Ct. 619, 70 L. Ed. 1059; U. S. v. Reese et al., 92 U. S. 214, 23 L. Ed. 563; U. S. v. Brewer, 139 U. S. 278, 11 S. Ct. 538, 35 L. Ed. 190; Todd v. U. S., 158 U. S. 282, 15 S. Ct. 889, 39 L. Ed. 982.

For the reasons assigned the demurrer or motion to dismiss will be sustained. Proper decree may be presented.