**UNITED STATES v. CENTRALIA DAIRY CO.**

No. 14476.

District Court, W. D. Washington, S. D.
July 16, 1932.

142

C. D. Cunningham, of Centralia, Wash., and Wesley Lloyd, of Tacoma, Wash., for defendant.

CUSHMAN, District Judge.

The information is for violation of the Food and Drug Acts, more particularly sections 2, 6, 8, 9, and 10, title 21, USCA.

One set of counts in the information accuse the defendant of unlawfully shipping and delivering for shipment from the city of Centralia, in the state of Washington, to cities in the territory of Alaska, an article of food, adulterated within the meaning of the act of Congress, in that a product which contained less than 80 per centum by weight of milk fat had been substituted for butter.

Title 21 USCA § 8, provides:

"§ 8. Adulterated articles. * * *

"An article shall be deemed to be adulterated: * * * In the case of food: * * *

"If any substance has been substituted wholly or in part for the article."

Section 6 of the Food and Drug Act of 1906, as amended by the Act of March 4, 1923 (42 Stat. 1500, title 21, USCA § 6), provides: "§ 6. Same; 'butter.' For the purposes of sections 1 to 15, inclusive, of this title, 'butter' shall be understood to mean the food product usually known as butter, and which is made exclusively from milk or cream, or both, with or without common salt, and with or without additional coloring matter, and containing not less than 80 per centum by weight of milk fat, all tolerances having been allowed for."

The demurrer to this set of counts will be overruled.

In another set of counts the defendant is accused of misbranding such shipments, it being alleged that the packages were misbranded, in that the statements "butter" and "one pound net" were false and misleading in that they represented the article was butter, to wit, a product which should contain not less than 80 per centum by weight of milk fat and that each of said packages contained one pound net of the article, whereas in truth and in fact said article did not contain 80 per centum by weight of milk fat but did contain a less amount and each of said packages did not contain one pound net of the article but did contain a less amount and that said article was further misbranded in that it was labeled as aforesaid so as to mislead and deceive the purchaser into the belief that it was butter, to wit, a product which should contain not less than 80 per centum by weight of milk

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

fat and that each of said packages contained one pound net of the article. These counts are, in part at least, under that part of section 8 of the Act of June 30, 1906 (34 Stat. 771, as amended by Act March 3, 1913, 37 Stat. 732), now appearing as title 21, USCA § 9. This section, in part, provides:

"§ 9. Misbranded; meaning and application.

"The term 'misbranded,' as used in sections 1 to 15, inclusive, of this title, shall apply to all drugs, or articles of food, or articles which enter into the composition of food, the package or label of which shall bear any statement, design, or device regarding such article, or the ingredients or substances contained therein which shall be false or misleading in any particular, and to any food or drug product which is falsely branded as to the State, Territory, or country, in which it is manufactured or produced."

As these counts clearly allege that the statement that the packages contained "butter," as the same is defined by section 6, was false and misleading in the particular therein pointed out, the demurrer to these counts will be overruled and it is not necessary to consider whether these counts are also under that part of section 8 of the original act as amended now appearing as title 21, USCA § 10, third paragraph.

In a third set of counts shipments and deliveries for shipment such as described in the first considered counts are alleged. In these last-mentioned counts the marking, in part, is alleged to have been "one pound net" and that it was food in package form and that the quantity of the contents was not plainly and conspicuously marked on the outside of the package.

These counts are under section 10, title 21, USCA, and more particularly the third paragraph thereof. This section, in so far as applicable, provides:

"Misbranded articles. For the purposes of sections 1 to 15, inclusive, of this title, an article shall be deemed to be misbranded; * * *

"Foods. In the case of food: * * *

"Packages not marked with weight; variations and exemptions permitted.—Third. If in package form, the quantity of the contents be not plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count. Reasonable variations shall be permitted, and tolerances and also exemptions as to small packages shall be established by rules and regulations made in accordance with the provisions of section 3 of this title. The word 'package' as used in this paragraph shall include and shall be construed to include wrapped meats inclosed in papers or other materials as prepared by the manufacturers thereof for sale."

The question presented concerning these counts is as to the validity of the third paragraph of section 10, supra. In United States v. Shreveport Grain & Elevator Co. (D. C.) 46 F.(2d) 354, 355, this part of the act was, under the Sixth Amendment, held unconstitutional; the court citing, in support of the ruling: United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045; Connally v. General Const. Co., 269 U. S. 385, 46 S. Ct. 126, 70 L. Ed. 322; Yu Cong Eng v. Trinidad, 271 U. S. 500, 46 S. Ct. 619, 70 L. Ed. 1059; United States v. Reese et al., 92 U. S. 214, 23 L. Ed. 563; United States v. Brewer, 139 U. S. 278, 11 S. Ct. 538, 35 L. Ed. 190; Todd v. United States, 158 U. S. 282, 15 S. Ct. 889, 39 L. Ed. 982.

■ In construing a statute the first duty of the court is to ascertain the legislative intent. Ebert v. Poston, 266 U. S. 548, 45 S. Ct. 188, 69 L. Ed. 435.

■ If an act of Congress cannot, upon a fair construction, be reconciled with the Constitution, it is the duty of the court to give effect to the Constitution rather than to the statute. Hepburn v. Griswold, 8 Wall. 603, 19 L. Ed. 513. Acts of Congress must, however, be regarded as constitutional unless clearly shown to be otherwise. Hepburn v. Griswold, 8 Wall. 603, 19 L. Ed. 513. A court should declare an act of Congress unconstitutional only where the repugnancy is clear and the conflict irreconcilable. Nashville v. Cooper, 6 Wall. 247, 18 L. Ed. 851. See, also, Trade-Mark Cases, 100 U. S. 82, 95, 96, 25 L. Ed. 550; United States v. Harris, 106 U. S. 629, 635, 1 S. Ct. 601, 27 L. Ed. 290; Close v. Glenwood Cemetery, 107 U. S. 466, 475, 2 S. Ct. 267, 27 L. Ed. 408. Acts of Congress should be construed so as to avoid grave doubts as to their constitutionality. Lewellyn v. Frick, 268 U. S. 238–251, 45 S. Ct. 487, 69 L. Ed. 934; Panama R. Co. v. Johnson, 264 U. S. 375–390, 44 S. Ct. 391, 68 L. Ed. 748; United States v. Jin Fuey Moy, 241 U. S. 394–401, 36 S. Ct. 658, 60 L. Ed. 1061; United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U. S. 366, 408, 29 S. Ct. 527, 53 L. Ed. 836; Baender v. Barnett, 255 U. S. 224, 41 S. Ct. 271, 65 L. Ed. 597.

■ In United States v. Shreveport Grain & Elevator Co., supra, the court held the

clause of paragraph third of section 10, quoted above, unconstitutional because of the following contained therein: "Reasonable variations shall be permitted, and tolerances and also exemptions as to small packages shall be established by rules and regulations made in accordance with the provisions of section 3 of this title."

Section 3, to which reference is made in the third paragraph of section 10, provides:

"§ 3. Regulations for carrying out food and drug laws.

"The Secretary of the Treasury, the Secretary of Agriculture, and the Secretary of Commerce shall make uniform rules and regulations for carrying out the provisions of sections 1 to 15, inclusive, of this title, including the collection and examination of specimens of foods and drugs manufactured or offered for sale in the District of Columbia, or in any Territory of the United States, or which shall be offered for sale in unbroken packages in any State other than that in which they shall have been respectively manufactured or produced, or which shall be received from any foreign country, or intended, for shipment to any foreign country, or which may be submitted for examination by the chief health, food, or drug officer of any State, Territory, or the District of Columbia, or at any domestic or foreign port through which such product is offered for interstate commerce, or for export or import between the United States and any foreign port or country." (21 USCA § 3).

This reference to section 3 shows that the sentence last quoted from paragraph third of section 10 is no part of the definition of the offense but is a direction as to the exercise of administrative power. The court is only concerned with whether the offense is described with such reasonable certainty as to be valid and is not, in a case such as the present, concerned with those parts of the law having to do with its administrative features.

The demurrer to these counts will likewise be overruled.

The clerk will notify the attorneys for the parties of the foregoing ruling.