**ZAZOVE v. UNITED STATES.**
No. 9260.

Circuit Court of Appeals, Seventh Circuit.
June 6, 1947.

Rehearing Denied Aug. 7, 1947.

KERNER, Circuit Judge, dissenting.

See also, 7 Cir., 156 Fed.2d 24.

John B. King and Edward H. S. Martin, both of Chicago, Ill., for appellant.

John F. Sonnett, Asst. Atty. Gen., and Searcy L. Johnson, D. Vance Swann, and Thomas E. Walsh, all of Washington, D.C., and J. Albert Woll, U.S. Atty., and William M. Lytle, both of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is the second appeal in this cause. The only question presently involved is the size of the monthly installments the plaintiff is entitled to receive. The statute involved provides, 38 U.S.C.A. § 802(h):

"Such insurance shall be payable in the following manner:

"(1) If the beneficiary to whom payment is first made is under thirty years of age at the time of maturity, in two hundred and forty equal monthly installments.

"(2) If the beneficiary to whom payment is first made is thirty or more years of age at the time of maturity, in equal monthly installments for one hundred and twenty months certain, with such payments continuing during the remaining lifetime of such beneficiary."

To determine the size of the installments to be paid under subsection (2), the Veterans Administration adopted Regulation No. 3450 by which the monthly installment for each thousand dollars of insurance is determined by the age of the beneficiary as of the last birthday at the time of the death of the insured, in accordance with a schedule based on the American Experience Table of Mortality, and interest at the rate of three per cent per annum, with not less than 120 months certain. Under the schedule thus promulgated by regulation, the Veterans Administration determined that since the plaintiff-beneficiary was fifty-four years of age at the time the insured died, she was entitled to a monthly installment of $5.90 per thousand dollars of insurance, and since the amount of insurance here involved is $5,000, the total monthly installment to be paid her was $29.50. With this determination the District Court agreed and entered judgment accordingly. From this judgment the plaintiff has appealed.

It is the position of the plaintiff that since she is over thirty years of age, she is entitled to equal monthly installments for 120 months certain, in other words, divide the face value of the policy, $5,000, by 120 months, with interest properly allowed at three per cent, under which calculation the plaintiff was entitled to receive $48.08 each month instead of $29.50.

We agree with the construction placed upon subsection (2) by the plaintiff. It seems to us that this subsection is plain and unambiguous and means what it says. The face value of the insurance, plus interest, is to be paid in equal monthly installments over a period of 120 months certain. Nothing is said in the statute about equalizing the sum over the life expectancy of the beneficiary. The regulation does that. In other words, the regulation sets up a formula different than that prescribed by Congress. The Veterans Administration may by regulation carry out the provisions which Congress lays down in the statute, but it may not alter the provisions prescribed by Congress. Congress declares the law. The Administration carries it out. Miller v. United States, 294 U.S. 435, 439, 440, 55 S.Ct. 440, 79 L.Ed. 977; Campbell v. Galeno Chemical Co., 281 U.S. 599, 610, 50 S.Ct. 412, 74 L.Ed. 1063.

After putting this regulation into effect, the Administrator discovered that in the great majority of cases if the beneficiary should die before the expiration of 120 months on the low schedule of payments equalized over the life expectancy of the beneficiary, the Government would not be required to pay the face amount of the policy, not to mention interest. In fact, in the instant case, 120 months at $29.50 a month would amount to only $3,540 on a policy with a face value of $5,000, plus interest. In other words, the serviceman's beneficiary would not receive what the serviceman had contracted for. For instance, suppose that a first beneficiary who was thirty years of age when the insured died, lived for only five years. The table provides a monthly payment to the beneficiary at the

rate of $3.97 per thousand. The first beneficiary and the alternate beneficiary would receive 120 monthly payments at $3.97 per month, or $476.40, instead of $1,000 with interest at three per cent properly calculated.

It will be noted that subsection (2) of the statute if construed as the plaintiff contends, and we think the language of the section clearly dictates this construction, provides that if the first beneficiary should live beyond the 120 months, the Government would be liable to continue the payments until such beneficiary dies, for the statute says, "with such payments continuing during the remaining lifetime of such beneficiary." This provision may compel the Government to pay more than the face of the policy, plus interest. Let us take an extreme case of a first beneficiary thirty years of age and assume that she lives not only the ten following years which, under the plaintiff's method of calculation, would entitle her to $1,153.94 per thousand up to the time she became forty years of age, but that she lives to be eighty years of age, in which event she would receive the same sum of $1,153.94 per thousand each succeeding ten years. Thus the Government would pay not only once but five times the face of the policy, with interest.

 By the act of September 30, 1944,[1] Congress amended subsection (2) here involved by adding a provision which allowed the Administrator to offer the insured or the beneficiary an optional settlement that would overcome the unjust settlement provided by Regulation No. 3450 where the beneficiary would not receive the face value with interest. In other words, the amendment authorized the Veterans Administration for the first time to provide by regulation for an equalization of the face value of the contract over the lifetime of the beneficiary, but for not less than 120 months. This amendment provided an *election* which afforded a way out for the Veterans Administration in its unjust administration of the Act under Regulation No. 3450. No one was *compelled* to take this method of settlement. It was available if deemed advantageous.

As we understand the position of the Government, it is that by passing the above amendment leaving subsection (2) intact but adding a provision for an optional settlement, Congress intended to approve by silence the regulation as it was applied to the plaintiff. We do not think it follows at all that Congress because of its silence, intended to adopt the Administrator's regulation on the subject. When Congress enacted this amendment, it did not alter the existing provisions of the law in any manner. It supplemented them with the authorization of an optional settlement to, as the Senate Finance Committee said, "authorize payment of meritorious claims." For aught that appears, Congress may have desired to correct the settlements made below the face value of the contract and to retain the settlements to be made in excess of the face value thereof. For the first time Congress authorized an optional settlement for the equalization of the face value of the contract over the life expectancy of the beneficiary. This method of equalization the Veterans Administration had already put into effect by its invalid regulation.

We do not think Congress approved by silence this invalid regulation of the Veterans Administration, the promulgation of

---

[1] "Sec. 6. Section 602(h) (2) of the National Service Life Insurance Act of 1940 is hereby amended by substituting a colon for the period at the end thereof and adding the following: 'Provided, That the Administrator, under regulations to be promulgated by him, may include a provision in the insurance contract authorizing the insured or the beneficiary to elect, in lieu of this mode of payment, a refund life income in monthly installments payable for such period certain as may be required in order that the sum of the installments certain, including a last installment of such reduced amount as may be necessary, shall equal the face value of the contract less any indebtedness with such payments continuing throughout the lifetime of such beneficiary: Provided further, That such optional settlement shall not be available in any case in which such settlement would result in payments of installments over a shorter period than one hundred and twenty months, nor in any case in which payments of insurance installments have been commenced prior to the date of this amendatory Act.'" 58 Stat. 762-763, 38 U.S.C.A. § 802(h) (2).

which was a usurpation of legislative power on its part. The Veterans Administration had equalized the monthly installments not by using the mathematical formula of the statute which divided the face value of the policy, plus interest, into 120 equal installments, but by distributing the payments over the life expectancy of the beneficiary.

We cannot say that Congress did not intend to be generous with those beneficiaries over thirty years of age who if parents would be at least middle-aged and many of whom would be quite well up in years and in a great majority of the cases struggling to live, for it is the sons of the poor who constitute the majority of the fighting forces. Or the beneficiaries might be young widows with small children whose ten years of monthly payments would end at the most needed time. If Congress chose to be generous, we know of no rule of law that authorizes the Veterans Administration to inaugurate an economy program. Even if Congress passed the act unwisely, we know of no authority in law that authorizes the Veterans Administration, or even the courts, to correct it. Congress is the judge of its own wisdom, limited only by the Constitution. The generosity of Congress to veterans has never been admitted, officially, to be unwise. The language Congress used was plain. The regulation distorted the language. When Congress sought to correct an unfair settlement arising under such distortion it does not follow that it approved by silence the regulation which distorted the statute that was on the side of generosity. Silence must be so compelling as to lead to no other reasonable construction before we are justified in holding that Congress approved an invalid regulation by mere silence. Girouard v. United States, 328 U.S. 61, 69, 70, 66 S.Ct. 826, 90 L.Ed. 1084; Ebert Et Al. v. Poston, 266 U.S. 548, 45 S.Ct. 188, 69 L.Ed. 435. See Justice Rutledge's concurring opinion in Cleveland v. United States, 329 U.S. 14, 21, 67 S.Ct. 13, 17, 18, 91 L.Ed. ——.

The judgment of the District Court is reversed and the cause remanded with directions to proceed in accordance with this opinion.

KERNER, Circuit Judge (dissenting).

What was the purpose of Congress in 1944 when it amended subsection (2) of the Act? Granted that under Regulation No. 3450 if an over-thirty beneficiary (for example, one fifty-four years of age) died before the expiration of the 120 months certain, or even a short time thereafter, he would not receive the face amount of the policy. Such a procedure was directly contrary to the terms of the contract and defeated the intention of the deceased service man. The amendment to subsection (2) changed this patently unfair administration of the Act, and provided an alternative mode of payment at the election of the insured or the beneficiary, consisting of a refund life payment which guaranteed the payment in installments of the full face value of the insurance contract. That it was the intent of Congress to guarantee payment of full face value, even though the beneficiary had to elect such a method, is inherent in the amendment itself.

Whether the amendment can be considered as Congressional approval by silence of Regulation No. 3450 seems immaterial in view of what the amendment does. It permits the beneficiary, if she so elects, to receive the face amount of the contract. She is entitled to and can receive full payment. Hence plaintiff's contention that she is entitled to full payment with interest every ten years is without force. It seems to me that to concur in plaintiff's contention would do violence to the spirit, if not the letter of the statute, which places a limit of $10,000 on the amount of the insurance which could be issued to any one person, § 602(q) 38 U.S.C.A. § 802(q); § 603, 38 U.S.C.A. § 803.

I would affirm the judgment.