580

UNITED STATES of America,
Plaintiff,

v.

Mrs. Catherine Lloyd HOFFMAN, Mrs.
Rita Lloyd Yizzi, and Mrs. Mary M.
Lloyd, Defendants.

Civ. A. No. 861–52.

United States District Court,
D. New Jersey.

March 28, 1955.

Raymond Del Tufo, Jr., Herman Scott, Newark, N. J., for plaintiff.

Paul H. Greenberg, Newark, N. J., Sidney B. Rosenthal, Paterson, N. J., for defendants.

MEANEY, District Judge.

This action is in the nature of a bill of interpleader brought by the plaintiff under the provisions of 38 U.S.C.A. § 445 and § 817, to have determined which person or persons have or might have an interest in the unpaid proceeds of the two policies of the National Life Insurance Company issued by the plaintiff to

one Harry Milton Lloyd, also known as Herbert S. Lloyd, now deceased.

Lloyd (hereinafter referred to as the insured) during his service in the military forces of the United States in World War II, applied for and was granted a $5,000 policy of National Service Life Insurance, identified under number N–3 159 051, issued and effective July 1, 1942. Rita Marie Lloyd, described as a *sister* (emphasis supplied) and whose address was given as 90 West Godfrey Avenue, Philadelphia, Pa., was named as beneficiary. On January 4, 1943 the insured changed the beneficiary to Catherine C. Lloyd, described as his wife, as principal beneficiary, and Rita Marie Lloyd, described again as a sister, as contingent beneficiary.

The insured was subsequently issued an additional $5,000 policy of National Service Life Insurance, identified under number N–11 693 521, issued and effective June 1, 1943. Catherine C. Lloyd, described as wife, was named the principal beneficiary, and Rita Marie Lloyd, again described as a sister, was the contingent beneficiary.

The designations of said policies were not again changed, and when the insured died on April 8, 1944, these two policies were still in full force and effect.

After the death of the insured, payment of monthly installments under the two contracts of insurance was made to Catherine C. Lloyd, the principal named beneficiary, who is the defendant, Cathering Lloyd Hoffman. She received payments in the sum of $1,705.55 on each of these policies.

The Veterans Administration discontinued payments to the defendant Hoffman when it received a claim by the defendant, Mary Macaluso Lloyd, that she was the lawful widow of the insured and that she was consequently entitled to the proceeds of these policies under 38 U.S.C.A. § 802(h)(3). Her claim is predicated upon the fact that the marriage of Catherine Lloyd Hoffman to the deceased was bigamous and void *ab initio* because the insured had entered into a valid prior marriage with her which had not been terminated by divorce, and that the defendant Hoffman therefore was not within the permitted class of beneficiaries under 38 U.S.C.A. § 802(g).

The evidence before the court indicates that the insured was married on February 6, 1918 to Alice Fleming and that of this marriage there was born a daughter, Rita Marie, who is the defendant, Rita Marie Lloyd Yizzi.

■ Thereafter, in May, 1927, the insured and his wife were divorced, and in 1930, as admitted by the defendant Yizzi, he validly married Mary Macaluso. There is no evidence of dissolution of the insured's marriage to Mary Macaluso either before or since his marriage to Catherine Lloyd Hoffman in 1942. As a result the defendant Hoffman is not within the limited class of beneficiaries permitted to receive the proceeds of the policies, since her marriage to the insured was bigamous and void *ab initio*, Lembcke v. U. S., 2 Cir., 181 F.2d 703, and because she is not able to qualify under any of the other family relationships listed by the statute.

However, before the defendant, Mary Macaluso Lloyd, could acquire the proceeds of the insurance under 38 U.S.C.A. § 802(h)(3) it would have to be established that the other defendant, Rita Marie Lloyd Yizzi, was not the contingent beneficiary listed in the policies. If in fact she was, though improperly described as a sister, she would prevail.

■ Notwithstanding formalities prescribed by law, the courts have attempted to effectuate and fulfill the intentions of an insured, if it can be reasonably done. Flood v. U. S., D.C., 78 F.Supp. 420, affirmed, 3 Cir., 172 F.2d 221. See, also, Mitchell v. U. S., 5 Cir., 165 F.2d 758, 2 A.L.R.2d 484, affirming Rutledge v. U. S., D.C., 72 F.Supp. 352; McKewen v. McKewen, 5 Cir., 165 F.2d 761, certiorari denied 334 U.S. 860, 68 S.Ct. 1530, 92 L.Ed. 1780.

At this point in the case the record and testimony at bar must be examined to determine whether the insured intend-

ed his daughter, Rita Marie Lloyd Yizzi, to be the contingent beneficiary.

The testimony in court was to the effect that the insured had only one sister, Mrs. Mabel C. Buck, who is residing at the present time in Florida. There is also testimony evidencing a certain amount of interest on the part of the insured toward his daughter, Rita Marie. While in the naval service he addressed letters to her at her home in Philadelphia at 90 West Godfrey Avenue. In this connection it must be noted again that the address of the contingent beneficiary, Rita Marie Lloyd, was also listed in the policy as 90 West Godfrey Avenue in Philadelphia. Moreover, there is corroborative testimony to the effect that the only Rita Marie Lloyd living at that address during the pertinent period is the defendant Yizzi.

 All of this uncontradicted evidence before the court compels the finding that the defendant, Rita Marie Lloyd Yizzi, the daughter of the insured, is the Rita Marie Lloyd erroneously described as a sister, and as such is entitled to take the balance of the proceeds under the policies as the contingent beneficiary.

There now remains one further question for determination. The defendant, Rita Marie Lloyd Yizzi, makes claim to the amounts previously paid to Catherine Lloyd Hoffman. With regard to this issue, 38 U.S.C.A. § 802(*l*) is decisive. It provides as follows:

"Any payments of insurance made to a person represented by the insured to be within the permitted class of beneficiaries shall be deemed to have been properly made and to satisfy fully the obligation of the United States under such insurance policy to the extent of such payments."

In view of this conclusive presumption it must naturally follow that since Catherine Lloyd Hoffman, described as wife, was designated beneficiary under both contracts, the payments on the policies made to her are presumed to have been properly made and the defendant Yizzi may not have judgment as to these sums. Cf. U. S. v. Wilson, D.C., 112 F.Supp. 428, and Batts v. U. S., D.C., 120 F.Supp. 26.

There can be no valid claim that this section of the statute is unconstitutional. It is quite clear to the court that there is no constitutional limitation on the power of the Congress to make provision as to the manner in which the Government shall contract with holders of National Service Life Insurance. Pack v. U. S., 9 Cir., 176 F.2d 770, and Congress has the absolute authority to establish a plan of coverage. Cf. Zazove v. U. S., 7 Cir., 162 F.2d 443, reversed on other grounds 334 U.S. 602, 68 S.Ct. 1284, 92 L.Ed. 1601, rehearing denied 335 U.S. 837, 69 S.Ct. 12, 93 L.Ed. 389.

Let this opinion constitute findings of fact and conclusions of law.

Let an order be submitted in conformity with this opinion.