Hofstadter, J.
(dissenting). Defendant Sprowal was distributing core leaflets on the sidewalk in front of a school. Defendant Gordon was apparently doing the same some 200 to 300 feet from the school. Charged with congregating with others on a public street and refusing to move on when ordered by the police (Penal Law, § 722, subd. 3) and with loitering in or about a school building (Penal Law, § 722-b), they were acquitted of the first charge and found guilty of the second. Three others of the group, arrested at the same time, were acquitted of both charges. In my judgment, section 722-b is not applicable to the fact pattern before us; if deemed applicable, it is, to that extent, unconstitutional. I would reverse the convictions and dismiss the complaint.
I cannot agree that a citizen’s right to use the streets for the dissemination of information ranks no higher than other rights protected by the Constitutions. The First Amendment is the *813 ‘ ‘ matrix, the indispensable condition, of nearly every other form of freedom ” (Palko v. Connecticut, 302 U. S. 319, 327). Its guarantees of freedom of speech, of press, of the people to assemble peacefully and to petition for the redress of grievances, were the first of the Bill of Bights to be secured from State abridgment by the “ due process ” clause of the Fourteenth Amendment (De Jonge v. Oregon, 299 U. S. 353; Grosjean v. American Press Co., 297 U. S. 233; Gitlow v. New York, 268 U. S. 652; Hague v. C. I. O., 307 U. S. 496, 515; see, also, Steelworkers v. Labor Bd., 376 U. S. 492 and Sullivan v. New York Times Co., 375 U. S. 803). “ All have preferred position in our basic scheme ” (Prince v. Massachusetts, 321 U. S. 158, 164). The counterpart of the great canon is to be found in our State Constitution (art. I, §§ 8, 9).
Nor may I equate the enforcement of child labor laws, as in Prince v. Massachusetts (supra) with the distribution of literature on the sidewalk (see Shuttlesworth v. Birmingham, 382 U. S. 87). Defendants were not loitering in a school building, as was the case in People v. Johnson (6 N Y 2d 549); the element of trespass is wholly lacking. They were exorcising fundamental rights on a public street (Hague v. C. I. O., 307 U. S. 496, 515, supra; Lovell v. Griffin, 303 U. S. 444; see, also, Martin v. Struthers, 319 U. S. 141; Jamison v. Texas, 318 U. S. 413). Their design was proper — not illegal or illicit (Giboney v. Empire Stor. Co., 336 U. S. 490).
It is one thing to enter a school building or its grounds without permission or legitimate purpose. It is quite another to distribute a petition on the street. To authorize limitation upon free communication between citizens on a public highway, the facts must disclose an evenhanded application of a precise and narrowly drawn regulatory statute evincing a legislative judgment that specific conduct be limited or forbidden (Cox v. Louisiana, 379 U. S. 559; Edwards v. South Carolina, 372 U. S. 229, 236-237).
Section 722-b of the Penal Law is not such a statute. Nor, in my opinion, was it intended to cover the dissemination of handbills in the vicinity of a school (see People v. Dennis, 208 N. Y. S. 2d 522). If construed to encompass such activity, the section would come into fatal collision with the constitutional prohibitions already mentioned (see, also, Cantwell v. Connecticut, 310 U. S. 296, 304, 307; Schneider v. State, 308 U. S. 147, 161). For, as noted, regulation of conduct may not be so broadly framed as to stifle freedom of speech (Shuttlesworth v. Birmingham, supra; Cox v. Louisiana, supra; Edwards v. South Carolina, supra).
*814 Moreover, if distribution of literature on the street required the prior permission of the officials named in the statute, this would constitute a form of censorship in conflict with the provisions of both Constitutions (Lovell v. Griffin, supra). The construction of a statute is inadmissible which involves an inhibited application. An otherwise constitutional enactment may not be unconstitutionally enforced.
The posted “ No Loitering ” sigm at the entrance to the school does not help the prosecution. Is distributing informational matter loitering? I think not — nor is the word “loitering” by itself, and without more, “ enough to inform a citizen of its criminal implication ” (People v. Diaz, 4 N Y 2d 469, 470). If the posted sign is relied on to bolster the statute, the statute is open to arbitrary enforcement and fatally defective as vague. “It is the rule that for validity a criminal statute must be informative on its face (People v. Firth, 3 N Y 2d 472) and so explicit that ‘ all men subject to their penalties may know what acts it is their duty to avoid ’ (United States v. Brewer, 139 U. S. 278, 288; People v. Vetri, 309 N. Y. 401) ” (ibid.). Neither the statute nor sign conforms to this rule.
There is no showing in the ease before us that the conduct of either defendant was calculated to distract the students in their classrooms, or threatened to harm them, or was calculated to damage the school facilities in any way. Absent trespass or disorderly conduct in its normal reading, the finding of guilt by the court below under section 722-b was without legal justification. The intent of the section is to proscribe the presence of intruders and persons without an acceptable purpose in or about a school. It is not intended to stop, on a pubk e street, innocent conduct constitutionally protected.
I, therefore, dissent and vote to dismiss the complaint against both defendants.
Hecht, J., concurs with Tilzer, J. P.; Hofstadter, J., dissents in opinion.
Judgment affirmed as to defendant Sprowal and reversed as to defendant Gordon.