## COUNTY OF GLYNN *v.* BRUNSWICK TERMINAL COMPANY *et al.*

Where county funds are deposited in a bank and the bank fails, the county, in a contest over the distribution of the assets of the bank, is not entitled to a lien on these assets in preference to the individual depositors.

Argued April 21, — Decided May 21, 1897.

Equitable petition — intervention.　Before Judge Sweat. Glynn superior court.　July 24, 1896.

*Symmes & Bennet*, for plaintiff in error.

*Goodyear & Kay* by *John M. Graham, Atkinson & Dunwody, Crovatt & Whitfield, F. E. Twitty* and *W. G. Brantley*, contra.

SIMMONS, C. J.　It appears from the record, that the treasurer of the county of Glynn deposited a certain amount of the money of the county in the Brunswick State Bank, and that the Brunswick Terminal Company and others were also depositors.　The bank failed.　A creditors' petition was filed for the purpose of winding up the affairs of the bank and distributing its assets.　The county of Glynn was made a party, and in its intervention claimed a preference over all other depositors in the distribution of the assets.　On the trial of the case the court ruled that the county had no preference over the other depositors, but must share pro rata with them.　To this ruling the county excepted.

According to the rulings of this court, the State, in a contest of this kind, would be entitled to a preference.　These decisions are based upon our adopting act of 1784, wherein the common law of England was made the law of this State.　By that law the king of England, by his prerogative right, had a preference over all of his subjects in regard to debts due the crown.　This court, in the case of *Robinson* v. *Bank of Darien*, 18 *Ga.* 65, held that the State on account of its sovereignty had the same prerogative right in regard to the collection of debts due it as the king of England had with respect to debts due the crown, and ruled in that case that although the State had a lien junior to that of one of its citizens, the State's lien had preference.　This ruling has been followed in other cases, notably that of *Seay* v. *Bank of Rome*, 66 *Ga.* 609.　While it may be true that the State, on account of its prerogative right, has this preference, we can not hold that the same right applies to the counties of the State.　If there is such a thing as prerogative right of preference on the part of the State, it can not be divided among the one hundred and thirty-seven counties of which it is composed.　Bacon's Abridgment, vol. 8, under

head "Prerogative." We think it safe to hold that the county has no such prerogative right as the State. Not having this right, in order to obtain a preference over the other depositors it must show some statutory right. We have no statute which gives a county which is a depositor in a bank a lien or preference over other depositors of the same class. It is true there is a statute giving a county a lien for its taxes in preference to others, but a lien for taxes and a lien upon the assets of an insolvent debtor for money deposited stand upon altogether different footings. The lien of the county for taxes as against the property taxed by it, the lien being given by statute, is one thing, and the claimed right of the county to priority over other creditors in regard to an indebtedness for money received from the county, whether collected from taxes or not, is another and an altogether different thing. In the one case, a statute gives the lien for taxes upon the property of the citizen; in the other, there is no statute giving any lien. In the absence of any legal right of preference in such cases, the county must stand upon an equal footing with other depositors.

*Judgment affirmed. All the Justices concurring.*