No. 11,256.

UNITED STATES FIDELITY AND GUARANTY CO. *v.* MCFERSON, BANK COMMISSIONER.

Decided November 30, 1925.

Action by surety company to recover amount paid on bond. Judgment for defendant.

*Affirmed.*

1. BANKS AND BANKING—*Surety Company—Preference Claim.* The common-law rule preferring state debts to those of a citizen, is not applicable to deposits in an insolvent bank, where the state was secured by bond, and its loss paid by a surety company, which taking an assignment of the state's claim, brought suit against the bank commissioner.

2. PRINCIPAL AND SURETY—*Bank Deposits—State Loss.* A surety company having paid to the state the amount of its deposit in an insolvent bank under the terms of a surety bond, is not entitled as assignee of the state's claim, to a preference.

*Error to the District Court of Huerfano County, Hon. A. C. McChesney, Judge.*

Messrs. GILLETTE & CLARK, Mr. LEROY J. WILLIAMS, for plaintiff in error.

Mr. GEORGE ALLAN SMITH, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as in the trial court, and we so refer to them.

Plaintiff was surety to the state for a bank in which state funds were deposited. The bank failed. The surety company paid the state, which, by its treasurer, assigned the account to plaintiff. Claiming that the state was a preferred creditor, and that it was subrogated to that status, plaintiff brought this action to enforce that preference. Defendant answered, and plaintiff demurred generally. That demurrer was overruled and plaintiff elected to stand. Thereupon defendant, on his motion, had judgment, and plaintiff brings error.

It was a general principle of the common law that debts due the sovereign were preferred to those due a subject. 1 Coke Upon Littleton 131 b; 1 Cooley's Blackstone (3rd Ed.) 239; 8 Bacon's Abr. 91. To a limited extent the common law has been adopted in this jurisdiction. "The common law of England, so far as the same is applicable and of a general nature, and all acts and statutes of the British parliament; made in aid of or to supply the defects of the common law prior to the fourth year of James the First * * * and which are of a general nature, and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority." Sec. 6516, C. L. 1921.

If the statement in *Green v. People,* 3 Colo. 68, that the common law "which we have adopted, is the common law of England, as amended by acts of parliament applicable to our condition, and in force on the 24th day of March A. D. 1607" is correct, the preferential right here contended for could never have been specifically established under it. This method of banking, so far at least as the sovereign

was concerned, was unknown in England in 1607. The Bank of England, the first institution of the kind through which the government did business, was not founded until 1694.

The authorities in this country are in hopeless conflict as to the existence of this prerogative of preference in those states which have adopted the common law substantially as has Colorado. No one of them, however, has been called to our attention which, in deciding the question, has considered the applicability of the law from the standpoint of the fundamental principle which we think controlling.

If this debt does not belong to the class to which the general principle of the sovereign's preference applies, no other question need be considered.

The preference is founded "upon motives of public policy, in order to secure an adequate revenue to sustain the public burdens, and discharge the public debts." *U. S. v. Bank of North Carolina,* 6 Pet. 29, 8 L. Ed. 308.

"The common law rule has its foundation in motives of public policy, in order that the state's funds may not be lost but may be available to meet the expenses of government and discharge the state's obligations." *State v. Madison State Bank,* 68 Mont. 342, 218 Pac. 652.

"The crown's priority over subjects in payment of debts is to secure and conserve the revenues—the life blood of the state, that the latter may be maintained in peace and war and its obligations discharged." *American Bonding Co. v. Reynolds,* 203 Fed. 356.

The principle that where the reason for a rule fails, the rule fails, seems especially applicable here. The sovereign's preference is an exception to the general law. The doctrine is a harsh one, and from time immemorial has rested solely upon public necessity. Moreover, if Finch is correct, as quoted by Blackstone, that it is "a maxim that the prerogative is that law in case of the King which is law in no case of the subject", the prerogative could never be the subject of subrogation. Here the security was ample, the state has been paid by one employed for the very purpose

of assuming that risk and performing that service. There is no necessity and hence no preference. If the surety were also insolvent the necessity would appear.

If the rule of the common law—that the debts of the state are preferred to the debts of the citizen because it is necessary to the public welfare to secure the public revenue—is applicable to state bank deposits when the bank becomes insolvent, and if that preference be subject to the doctrine of subrogation in favor of one who pays the state, then we hold that rule inapplicable when the state debt is otherwise secured, because there is no necessity for the preference.

The judgment is accordingly affirmed.

MR. JUSTICE CAMPBELL not participating.