## ÆTNA CASUALTY & SURETY CO. v. BRAMWELL, State Superintendent of Banks.

(District Court, D. Oregon. April 19, 1926.)

No. 8816.

1. Courts ☞365—Whether state's priority right to public funds deposited in state bank is prerogative right or administrative rule is question of local law, decision of which by state's highest court concludes federal courts.

Whether state's priority right to public funds deposited in state bank is prerogative right or rule of administration is question ·of local law, determination of which by highest court of state concludes federal courts.

2. Counties ☞1—Counties are civil or political agencies of state government, created by statute for governmental purposes, and performing duties imposed by law for and in behalf of state.

Counties are civil or political agencies or instrumentalities of state government, created by legislative enactment for governmental purposes, and their duties, including that of levying and collecting taxes, are imposed by law and performed for and in behalf of state.

3. **Constitutional law** ⬅50—"Prerogative" rests with people, who may delegate sovereign powers, while reserving others, and state is sovereign within compass of delegated powers and hence is lawgiver through legislative branch.

"Sovereign prerogative," which is discretionary power or will above and uncontrolled by any other will, rests with people, who may vitalize it into government and delegate certain powers appertaining to sovereignty, while reserving others, and state is sovereign, within compass of its delegated powers, and hence is lawgiver through legislative branch.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prerogative.]

4. **Banks and banking** ⬅80(7)—That controversy involves "public funds," does not confer state's prerogative on county, so as to entitle it to preference over general creditors of defunct state bank.

That controversy involves public money or funds does not confer state's prerogative on county, so as to entitle county to preference over general creditors of defunct state bank in which deposited; "public funds" applying to funds of every political subdivision of state wherein taxes are levied for public purposes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Funds.]

5. **Banks and banking** ⬅80(7)—Common-law prerogative is attribute of sovereignty possessed only by state, and, in absence of statute, counties have no preferential right to public funds deposited in defunct state bank.

Common-law prerogative is attribute of sovereignty possessed only by state, which by appropriate legislation may devolve on counties preferential right to public funds deposited in defunct state bank, without thereby conferring such prerogative on them, and, in absence of such statute, they have no such right.

In Equity. Suit by the Ætna Casualty & Surety Company against Frank C. Bramwell, Superintendent of Banks of the State of Oregon. Bill dismissed.

Senn & Recken, of Portland, Or., for plaintiff.

S. J. Graham, of Portland, Or., for defendant.

·WOLVERTON, District Judge. This is a suit on the part of plaintiff, praying a decree requiring the defendant, who is superintendent of banks of the state of Oregon, to pay to it the sum of $39,872.88 and accrued interest, out of the assets of the First State & Savings Bank of Klamath Falls, in preference to the unsecured creditors of the bank, and for other relief.

The bank failed January 28, 1922, and the superintendent of banks, as he was authorized to do, took charge of the bank assets and entered upon the process of liquidation, and has since continued in the administration of the affairs of the bank. At the time of failure Klamath county had on deposit with the bank a large amount of public funds, so termed by the complaint. For the security of the repayment of such funds by the bank to the county, plaintiff, on May 15, 1920, executed its depository bond in the sum of $50,000, under and by the terms whereof it contracted and agreed to save harmless the county against loss on account of its deposits with the bank. The bank being unable, by reason of its failure, to repay its deposits to the county, the plaintiff, under the obligations of its bond, repaid them to the amount of $39,872.88, and now demands subrogation to the rights and privileges of the county, and by reason thereof claims prior payment of that sum, with interest, in preference to all unsecured creditors.

The question presented for decision is whether plaintiff is entitled to be treated as a preferred creditor because of the nature of the funds involved, being public funds as alleged by the bill. While it is not so declared, it may be assumed for the purposes of the controversy that the funds are such as accumulated from the collection of county taxes.

[1] The Supreme Court of this state has declared that the common law obtains in the state, and that, by reason of its prerogative or sovereign right, the state is entitled to a preference, as it respects public funds deposited in a state bank, over the claims of all general creditors. United States F. & G. Co. v. Bramwell, 108 Or. 261, 217 P. 332, 32 A. L. R. 829; Fidelity & Deposit Co. of Maryland v. State Bank of Portland (decided January 19, 1926) 242 P. 823.

It is settled by the Supreme Court that the question whether this priority right is a prerogative right or a rule of administration is one of local law, and that the determination thereof by the highest court of the state concludes the federal courts. Marshall v. New York, 254 U. S. 380, 383, 385, 41 S. Ct. 143, 65 L. Ed. 315. So that this court is bound by the doctrine promulgated in the Oregon cases cited. The cases pertain to the state's prerogative preference right, and have no relation to any preference right of a county of the state. The question we are now to solve presents an entirely different problem.

[2] Counties are merely political agencies of the state, created by legislative enactment for governmental purposes. Their

duties are imposed upon them by law, and in the performance thereof they act for and in behalf of the state. "They are therefore civil or political agencies or instrumentalities of state government." Among other things, they are charged with the duty of levying and collecting taxes in the manner provided by law. Yamhill County v. Foster, 53 Or. 124, 99 P. 286; Gearin v. Marion County, 110 Or. 390, 223 P. 929. Taxes are levied by the county commissioners under authority of law, which body levies by the same authority the taxes ascertained to be necessary for state purposes and prorated to the county by the state tax commission. The assessment and collection are made by the assessor and sheriff as tax collector.

[3] It is hardly essential to define prerogative with technical accuracy. Under Mr. Blackstone's definition, "it can only be applied to those rights and capacities which the king enjoys alone, in contradistinction to others, and not to those which he enjoys in common with any of his subjects." Blackstone's Commentaries (Ed. 1766) vol. 1, p. 239. A New Jersey chancellor has defined royal prerogative as "that special pre-eminence which a sovereign has over all other persons, and out of the course of the common law, by right of regal dignity. In Great Britain the royal prerogative includes the right of sending and receiving ambassadors, of making treaties, and (theoretically) of making war and concluding peace, of summoning Parliament, and of refusing assent to a bill, with many other political, judicial, ecclesiastical, etc., privileges." Century Dictionary, "prerogative." "The word simply means a power or will which is discretionary, and above and uncontrolled by any other will. It is frequently used to express the uncontrolled will of a sovereign power in the state, and is applied not only to the king but also to the legislative and judicial branches of the government." 3 Bouv. Law Dict. p. 2670.

This kingly power, or authority, or privilege, whatsoever its scope or whatsoever attribute there is in it of sovereignty rests with the people in this country. They may vitalize it into government, and in doing so they may delegate certain powers pertaining to sovereignty and reserve others. They have, as to national affairs, delegated to the national government the authority for coining money, making treaties with foreign states, and the like. Other powers they have delegated to the states. And even then they possess a residuum of sovereignty. The states are sovereign, within the compass of their delegated powers, and carry on through the ordinary branches of government—the executive, legislative, and judicial. The lawgiver is therefore the sovereign state, created and organized by the people, acting through its legislative branch.

The Supreme Court has declared that: "The right of priority of payment of debts due to the government is a prerogative of the crown, well known to the common law. It is founded, not so much upon any personal advantage to the sovereign, as upon motives of public policy, in order to secure an adequate revenue to sustain the public burdens, and discharge the public debts. The claim of the United States, however, does not stand upon any sovereign prerogative, but is exclusively founded upon the actual provisions of their own statutes. The same policy which governed in the case of the royal prerogative may be clearly traced in these statutes, and, as that policy has mainly a reference to the public good, there is no reason for giving to them a strict and narrow interpretation." United States v. State Bank of North Carolina, 6 Pet. 29, 35 (8 L. Ed. 308).

[4] It is said that there is no common law as to the national government, but that generally it does obtain as to the states. So that, while it is requisite that the Congress declare by law that the general government shall have priority with respect to claims against insolvents, etc., it is argued that the states possess that privilege or right in pursuance of the common law in the absence of appropriate legislation to the contrary. And such is the holding of the Supreme Court of this state.

[5] However, prerogative where it exists appertains to sovereignty. The state is the sovereign. Does that prerogative appertain to the counties of the state? It does not answer the question to say that the controversy involves public moneys or funds, for the term "public funds" applies to the funds of every political division of the state wherein taxes are levied for public purposes, including even road districts. This is not a matter of first impression. It has received judicial consideration in several of the states. The most recent case treating of the subject is Bignell v. Cummins, from Montana, 69 Mont. 294, 222 P. 797, 36 A. L. R. 634. The opinion is by Callaway, C. J., and is exhaustive and able. It should be premised that that state is one of those concurring with the state of Oregon in the principle that the prerogative right of priority respecting public funds obtains by

virtue of the common law. State v. Madison State Bank, 68 Mont. 342, 218 P. 652. It was there declared (referring to the headnote): "The common-law rule as to state's preferential right as to deposits in insolvent banks is based on public policy, in order that the state's funds may not be lost, but may be available to meet governmental expenses and discharge the state's obligations."

In the Bignell Case it was held that this prerogative did not extend to the counties of the state. In support thereof, the learned Chief Justice had this to say: "Sovereignty must involve the general interest of the state at large. It is true that the whole state has an interest in the proper administration of its laws everywhere within its borders, and so it has an interest in the proper government of every county, and so it has in every municipality, and in the conduct of every school district, and in the prosperity of every citizen. But, while the prerogative of the state may be invoked for the protection of the rights of the county, municipality, school district, and citizen, it does not follow that any of these possess that power. It must be held that the sovereign right, the prerogative, is lodged in the political power which is created by and is the representative of all the people, the state itself, and that the prerogative of the state may not be exercised by its creature, in the absence of express authority granted to the creature." It is further asserted by the court that the county is but a creature of the state, which may be abolished by the will of the state, and that the statutes constitute the charter of a county's powers, and to them it must look for the evidence of any authority sought to be exercised.

Another case is County of Glynn v. Brunswick Terminal Co. et al., 101 Ga. 244, 28 S. E. 604, with like holding. While yielding to the previous ruling of the court that the state, on account of its sovereignty, possessed the same prerogative right in regard to the collection of debts due it as the king of England had with respect to debts due the crown (citing Robinson v. Bank of Darien, 18 Ga. 65, and Seay v. Bank of Rome, 66 Ga. 609), the court denied it to the counties. Its reasoning is as follows: "If there is such a thing as prerogative right of preference on the part of the state, it cannot be divided among the 137 counties of which it is composed. Bacon's Abridgement, vol. 8, under head 'Prerogative.' We think it safe to hold that the county has no such prerogative right as the state. Not

having this right, in order to obtain a preference over the other depositors, it must show some statutory right. We have no statute which gives a county which is a depositor in a bank a lien or preference over other depositors of the same class."

So in United States Fidelity & Guaranty Co. v. Rainey, 120 Tenn. 357, 405, 113 S. W. 297, the court, while approving the prerogative right to the state, denied it to the counties. In support of the ruling affecting counties and municipalities, it cites two previous cases, State v. Bank of Tenn., 5 Baxt. (Tenn.) 1, and Leeper v. State, 103 Tenn. 528, 53 S. W. 962, 48 L. R. A. 167. In New York, while the prerogative right under discussion is accorded the state, it is denied to a city thereof. Matter of Carnegie Trust Co., 206 N. Y. 390, 99 N. E. 1096, 46 L. R. A. (N. S.) 260; In re Northern Bank, 85 Misc. Rep. 594, 148 N. Y. S. 70; Id., 212 N. Y. 608, 106 N. E. 749.

These are all the cases to which my attention has been called wherein the exact question is discussed and decided, and none have been cited to the contrary. The argument is persuasive and compelling to my mind that common-law prerogative is an attribute of sovereignty, and that the state alone possesses the right and may exercise it. It may, if it choose, devolve upon the counties the right of prior preference by appropriate legislation; but this would not be tantamount to conferring upon them the prerogative power or privilege of the state. The counties would have to depend upon the statute for their preference right; they cannot avail of the common law. My attention has not been called to any such statute in this state.

I have not overlooked the case of City and County of Denver v. Stenger (C. C. A.) 295 F. 809, wherein it is held that a municipality is entitled to priority on the theory that the debt is due the sovereign, though the claim is not a tax. But this case is now shorn of application, by reason of the fact that Colorado has, since the decision of that case, denied the common-law prerogative right to the state. United States Fidelity & Guaranty Co. v. McFerson (Colo. Sup.) 241 P. 728. The late case of Bramwell v. U. S. Fidelity & Guaranty Co. (No. 192; decided October term, 1925) 46 S. Ct. 176, 70 L. Ed. ——, is also without application, being predicated upon a statute.

The motion to dismiss the bill will be sustained.