LAKE WORTH INLET DISTRICT, a Public Corporation Organized and Existing Under the Laws of the State of Florida, *Appellant,* v. FIRST AMERICAN BANK AND TRUST COMPANY, a Banking Corporation of Florida, as Receiver of FARMERS BANK & TRUST COMPANY, a Banking Corporation of Florida; ERNEST AMOS, Comptroller of the State of Florida, and FARMERS BANK AND TRUST COMPANY, a Banking Corporation of Florida, *Appellees.*

Division A.

Opinion filed February 13, 1929.

*Chillingworth & Simon,* for Appellant;

*Wideman & Wideman,* for Appellees.

TERRELL, C. J.—In March, 1927, the Farmers Bank & Trust Company of West Palm Beach, Florida, became insolvent and was taken in charge by the State Banking Department. At the time of this occurrence appellant, a public corporation, was doing business with the Farmers Bank & Trust Company and had on deposit with it a large sum of money. This suit is brought for the purpose of having the appellant decreed to be a preferred creditor of the insolvent bank by virtue of its (appellant) being a public corporation. A demurrer to the bill was sustained and appeal was taken from that order.

The sole question presented here for our consideration is whether or not a public corporation which is a current depositor in a bank can be made a preferred creditor and enjoy priority of payment from the assets of said bank when it becomes insolvent and passes into the hands of a receiver.

Appellant grounds its claim for relief on the prerogative right of the crown under the common law to be preferred in the payment of its debts over general creditors of an insolvent.

In this country the decisions are divided on this question but the weight of authority seems to be that neither the state as such nor any of its agencies can be preferred in the payment of its simple contract debts over general creditors of an insolvent in the absence of express statutory authority therefor. Potter v. Fidelity & Deposit Co. of Md. 101 Miss. 823, 58 So. R. 713; North Carolina Corporation Commission v. Citizens Bank & Trust Co. 193 N. C. 513, 137 S. E. R. 587, 51 A. L. R. 1350; Freeholders of Middlesex County v. State Bank, 29 N. J. Eq. 268; State v. Harris, 18 S. C. Law .(2 Bailey) 598; Central Trust Co. of N. Y. v. Third Avenue Ry. Co., 186 Fed. 291; Simmerman v. Chelsea Savings Bank, 161 Mich. 704, 127 N. W. R. 351; State v. First State Bank, 22 N. M. 661, 167 Pac. R. 3; Aetna Casualty and Surety Co. v. Moore, 107 Wash. 99, 181 Pac. Rep. 40; State v. Bank of Md., 6 Gill & J., 26 Am. Dec. 561; State v. Foster, 5 Wyo. 199, 38 Pac. R. 926; Board of Chosen Freeholders of Middlesex Co. v. State Bank of New Brunswick, 30 N. J. Eq. 311, where the cases in this country are collected. U. S. Fidelity & Guaranty Co. v. Rainey, 120 Tenn. 357, 113 S. W. R. 397; County of Glynn v. Brunswick Terminal Co. et al., 101 Ga. 244, 28 S. E. R. 604; Calhoun County Court v. Mathews, 99 W. Va. 483, 129 S. E. R. 399, 52 A. L. R. 751.

We think the foregoing authorities state the better rule governing in this matter. There is no express statutory authority in this State authorizing a preference in favor of appellant over general creditors, so the decree of the chancellor is affirmed.

Affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD AND BUFORD, J. J., concur in the opinion and judgment.