CITY OF LINCOLN ET AL. *v.* RICKETTS, TRUSTEE
IN BANKRUPTCY.

No. 348.   Argued February 5, 1936.—Decided March 2, 1936.

*Mr. Don W. Stewart,* with whom *Mr. Karl W. Kindle-berger* was on the brief, for petitioners.

*Mr. R. A. Boehmer,* with whom *Mr. A. W. Field* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The City of Lincoln, Nebraska, a municipal corporation, sought priority in the payment of its claim against the Lincoln Trust Company, bankrupt.  The claim was for $45,000, with interest.  The City based its contention on § 64b of the Bankruptcy Act, and also claimed that the amounts in question had been placed in the custody of the Trust Company as a trust fund.  The District Court held that the City was not within § 64b, and that the trust had not been established except as to the sum of $628.63.

The court directed that the remainder should be allowed as a general claim. The Circuit Court of Appeals modified the judgment by disallowing altogether the claim of priority, and, as modified, the judgment was affirmed. 77 F. (2d) 425. We granted certiorari, limited to the question of the application of § 64b.

Section 64b is as follows:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be . . . (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: *Provided*, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

The question is presented whether a municipal corporation is a "person" within the meaning of this section. The word "person" is expressly stated to include corporations. A municipal corporation is a corporation in the usual sense of the term. Does the Bankruptcy Act use the term in a more limited sense?

Section 1a (6) provides that

" 'corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

We find nothing in this definition which can be taken to exclude municipal corporations. The words "having any of the powers and privileges of private corporations not possessed by individuals or partnerships" do not mean,

as the context plainly shows, that those described must be "private corporations," but that the term embraces those which have powers and privileges analogous to those of private corporations and not possessed by individuals or partnerships. Municipal corporations have such powers and privileges and thus fall within the definition of the term "corporations" as used in the Bankruptcy Act. The range of the definition shows the intention of the Congress to widen rather than to restrict the term.

Other provisions of the Bankruptcy Act, by expressly excluding municipal corporations in certain relations, indicate that they were intended to be included when, in the absence of exception, the reference is to "corporations" generally, or to "persons,"—a term which, in the section containing the general definition, is stated to "include corporations, except where otherwise specified." § 1a (19). Thus § 4 provides:

"(a) Any person, except a municipal, railroad, insurance, banking corporation or a building and loan association, shall be entitled to the benefits of this Act as a voluntary bankrupt.

"(b) Any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any moneyed, business, or commercial corporation, (except a municipal, railroad, insurance or banking corporation, or a building and loan association) owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this Act."

It is urged that in the provision of § 64a specifying the priority of taxes owing by the bankrupt, a "municipality" is specifically named. The United States and the States are also specifically named in that provision and

again in § 64b (7). But we think that the failure to repeat the word "municipality" in § 64b (7) cannot be regarded as controlling in view of the express inclusion of "corporations" in that subdivision.

In construing the words of an act of Congress, we seek the legislative intent. We give to the words their natural significance unless that leads to an unreasonable result plainly at variance with the evident purpose of the legislation. *Ozawa* v. *United States,* 260 U. S. 178, 194; *Ohio* v. *Helvering,* 292 U. S. 360, 370. Counsel at the bar could suggest no reason for allowing to corporations generally, or to the associations comprehended within the term "corporations" as used in the Bankruptcy Act, the priority given by § 64b (7), when the state law provides for it, and denying that priority in accordance with state law to a municipal corporation. We can conceive of no reasonable basis for such a discrimination. And while we may assume that it would be within the power of the Congress to make it, we find no support in the provisions of the Act for the view that such a discrimination was intended.

Respondent strongly relies upon our decision in *Davis* v. *Pringle,* 268 U. S. 315. That decision was rendered in 1925, before the amendment of § 64b (7) which defined the term "person" as there used. From an examination of the context, the Court reached the conclusion that the word "person" in the original provision was not intended to include the United States. The Court noted that "Elsewhere in cases of possible doubt when the Act means the United States it says the United States." *Id.,* p. 318. The Congress then amended § 64b (7) by expressly providing that the term "person" should include the United States. Act of May 27, 1926, 44 Stat. 662, 667. But that amendment also provided that the term "person" should include "corporations." At the same time, by the amend-

ment of § 1a (6) the scope of the term "corporations" was extended so as to include "joint stock companies, unincorporated companies and associations." *Id.* In view of the explicit inclusion of "corporations" in the amendment of § 64b (7), and the evident intention shown by the context not to restrict the meaning of the term "corporations," the reasoning of the opinion in *Davis* v. *Pringle* cannot be regarded as apposite to the present case.

We conclude that a municipal corporation is a "corporation" and hence a "person" entitled to the priority accorded by § 64b (7).

There is a further question, which is one of state law. The preference under § 64b (7) is only in the case of "debts owing to any person who by the laws of the States or the United States is entitled to priority." The further question then is whether the City of Lincoln is entitled to priority under the law of Nebraska. The Circuit Court of Appeals did not determine that question. The court cited its decision as to the status of the City and County of Denver under the laws of Colorado (*Denver* v. *Stenger,* 295 Fed. 809; compare *U. S. Fidelity & Guaranty Co.* v. *McFerson,* 78 Colo. 338; 241 Pac. 728), and apparently assuming, without deciding, that the law of Nebraska accorded priority to the City of Lincoln, the court proceeded to base its decision in the instant case upon the inapplicability of § 64b (7) to a municipal corporation. The law of Nebraska was not discussed.

As we hold that the construction placed upon the Bankruptcy Act was erroneous, the cause will be returned to the Circuit Court of Appeals for the determination of the remaining issue as to local law.

The decree of the Circuit Court of Appeals is reversed and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*