**GUY, Plaintiff-Appellant, v. PENNSYLVANIA RAILROAD CO., et al Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21408. Decided May 16, 1949.

442

O. D. Eshelman, Cleveland, Henslee, Monek & Murray, Chicago, Iillinois, for plaintiff-appellant.

Squire. Sanders & Dempsey, Cleveland, Paul B. Moritz, Niles, for defendants-appellees.

(CARPENTER, J, of the Sixth District sitting by designation.)

## OPINION

By CARPENTER, J.

Plaintiff, a resident of Trumbull County, Ohio, brought this action in the Court of Common Pleas of Cuyahoga County to recover damages for personal injuries which he alleged he sustained in the City of Niles, Trumbull County, Ohio, caused by the concurrent negligence of the defendants Pennsylvania Railroad Company and the City of Niles.

The Railroad Company was served with summons in Cuyahoga County and filed an answer in which it denied that it was negligent.

The City of Niles was served with a summons which was issued by the Clerk of Courts of Cuyahoga County to the

sheriff of Trumbull County. That city filed a motion to quash the service, in which it objected to the jurisdiction of the court over it for the reason that it is a city located wholly within Trumbull County. That motion was granted and plaintiff, not wishing to plead further, his petition was dismissed as to the City of Niles.

The granting of this motion is assigned as error in this appeal.

There is no question but that the court had jurisdiction over the subject of the action. Did it have jurisdiction over the City of Niles? This is a question of venue. The relationship of jurisdiction and venue is discussed in **Loftus v. Pennsylvania Railroad Co., 107 Oh St, 353.**

It is within the competency of the General Assembly to fix and determine the venue of civil actions. **Allen v. Smith, 74 Oh St, 283, syl. par. 2.** And on page 290 of the opinion it is said:

"The wisdom of its exercise is not a judicial question."

Cited is **Handy v. Insurance Co, 33 Oh St, 366** and **State v. Nelson, 52 Oh St, 88.**

The subject of venue in Ohio is entirely in the control of the general assembly and the common law as expressed by the decisions of other jurisdictions is immaterial.

**Sec. 11268 to §11278 GC,** tell us where actions may be brought in the court of common pleas. **§§11268, 11270, 11271, 11272, 11273** and **11275 GC** make provision for specific causes or particular defendants and limit the venue in those actions to certain counties.

It is the contention of plaintiff-appellant that this action does not fall in any of those classes, and hence that §11277 GC, applies, which says:

"Every other action must be brought in the county in which the defendant resides or may be summoned," * * *

and, that §11282 GC, prescribes how the City of Niles "may be summoned" as follows:

"When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request."

Under §11273 GC, the defendant railroad company might have objected to the jurisdiction of the court over it, but it did not choose to do so and waived that right when it answered, thus the action was "rightly brought" in Cuyahoga County, and under §11277 GC, plaintiff says that it follows that the defendant, City of Niles, was properly served and the court erred in quashing the summons and the service of it.

In this reasoning plaintiff overlooks the specific terms of §11272 GC, which says:

"An action other than one of those mentioned in the next four preceding sections, **against a corporation created under the laws of this state,** may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, * * *" (Emphasis ours.)

This part of this section has not been changed since it was enacted as Section 48 of the Civil Code in 1852, 51 O. L. 65.

The court will take judicial notice that the City of Niles was a municipal corporation and that it was created under the laws of this state. Was it "a corporation" within the meaning of §11272 GC?

**Sec. 11288 GC,** provides:

"A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other chief officer * * *."

The inclusion of "mayor" with officers of private corporations indicates that the legislature intended to include municipal corporations in the general term "corporation".

**Sec. 3615 GC,** says:

"Each municipal corporation shall be a b'ody politic and corporate, which shall have perpetual succession, may use a common seal, sue and be sued * * *."

A municipal corporation has all of the usual attributes of a corporation in the broad sense of that term.

The Supreme Court of Ohio has not directly decided that the term "corporation" as used in §11272 GC, means a municipal corporation. In **Directors of Muskingum County Infirmary v. Toledo, 15 Oh St, 409, at page 411,** the opinion, speaking of townships, says:

"They, as well as cities, are corporations created by the laws of the state."

Of the cause of action in that case, the court said it was one in which "the special provisions should control and limit the general rule".

**Fostoria v. Fox, 60 Oh St, 340,** was a transitory action filed in Hancock County against the City of Fostoria which had its seat of government in Seneca County, although some of its territory was in Hancock County. Summons was issued to and served by the sheriff of Seneca County on the City of Fostoria. There being no defendant served in Hancock County, the Supreme Court held the lower courts in error in not granting the motion to quash the summons.

Neither of these decisions directly decides this case or answers the question whether a corporation alluded to in §11272 GC, could be a municipal corporation.

The venue and process statutes in the code of civil procedure in Oklahoma are almost identical with those in Ohio. In Oklahoma City v. District Court, 168 Okla., 235, 32 Pac. 2nd, 318, 93 A. L. R., 489, that court was dealing with the then section 112 of the civil code of that state, which provided for the venue of actions "against a corporation created by the laws of this state". The court expressly decided that a municipal corporation was "a corporation" within the meaning of that section. This decision was followed by that court in Oklahoma City v. Rose, 176 Okla. 607, 56 Pac. 2nd, 775.

The venue of the case at bar was defined by §11272 GC, and lay only in Trumbull County, and the court did not err when it granted the motion of the City of Niles to quash the summons, and its order will be affirmed.

Judgment affirmed. Exc. Order See Journal.

SKEEL, PJ, HURD, J, concur.