Jack W. CHRISTNER, Appellant,

v.

POUDRE VALLEY COOPERATIVE ASSOCIATION, Appellee.

No. 5315.

United States Court of Appeals
Tenth Circuit.

June 18, 1956.

---

Marcus A. Rowden, Atty., Dept. of Justice, Washington, D. C. (Warren E. Burger, Asst. U. S. Atty. Gen., Donald E. Kelley, U. S. Atty., Denver, Colo., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

Ralph B. Harden, Fort Collins, Colo., for appellee.

Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.

PHILLIPS, Circuit Judge.

Christner brought this action against the Poudre Valley Cooperative Association[1] in the United States District Court for the District of Colorado, under § 9(d) of the Universal Military Training and Service Act, 62 Stat. 614, 50 U.S.C.A.Appendix, § 459(d), to enforce his reemployment rights under § 9(g) (3) of such Act, 65 Stat. 86–87, 50 U.S. C.A.Appendix, § 459(g) (3). The Association discharged Christner while he was on training duty as a reserve officer in the Armed Forces of the United States. Christner sought reinstatement and damages for loss of wages.

The District Court dismissed the action for lack of jurisdiction.

Christner asserts that the court had jurisdiction under § 9(d), supra. Christner makes no contention that the District Court had jurisdiction under any other statutory provision.

Section 9 of the Selective Service Act of 1948, 62 Stat. 604, 614, 615, 616, 617, 618, in part reads:

"Sec. 9.  (a) Any person inducted into the armed forces under this title for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service under section 4(b) shall be entitled to a certificate to that effect upon completion of such period of training and service, which shall include a record of any special proficiency or merit attained.  *  *  *

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer and who (1) receives such certificate, and (2) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

*  *  *  *  *  *

"(B) if such position was in the employ of a private employer, such person shall—

"(i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay;  or

"(ii) if not qualified to perform the duties of such position by reason of disability sustained during such service but qualified to perform the duties of any other position in the employ of such employer or his successor in interest, be restored by such employer or his successor in interest to such other position the duties of which he is qualified to perform as will provide him like seniority, status, and pay, or the nearest approximation thereof consistent with the circumstances in his case, unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

*  *  *  *  *  *

"(c) (1) Any person who is restored to a position in accordance with the pro-

---

1. Hereinafter called the Association.

visions of paragraph * * * (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration.

"(2) It is hereby declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph * * * (B) of subsection (b) should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

"(d) In case any private employer fails or refuses to comply with the provisions of subsection (b) or subsection (c) (1), the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action: *Provided*, That any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits of such provisions. The court shall order speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States district attorney or comparable official for the district in which such private employer maintains a place

of business, by any person claiming to be entitled to the benefits of such provisions, such United States district attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions: *Provided*, That no fees or court costs shall be taxed against any person who may apply for such benefits: *Provided further*, That only the employer shall be deemed a necessary party respondent to any such action.

\* \* \* \* \* \*

"(g) (1) Any person who, subsequent to the date of enactment of this title and while it is in effect, enlists in the armed forces of the United States (other than in a reserve component) or the Coast Guard (other than in a reserve component) for not more than three years shall, if such enlistment is his first enlistment in the armed forces or the Coast Guard subsequent to the date of enactment of this title, be entitled, upon the expiration of his enlistment (including any extension thereof by law but not including any voluntary extension thereof) or upon his discharge under honorable conditions prior to the expiration thereof, to all the reemployment rights and other benefits provided for by this section in the case of inductees.

"(2) Any person who, subsequent to the effective date of this title and while it is in effect, enters upon active duty in the armed forces of the United States, the Coast Guard or the Public Health Service in response to an order or call to active duty shall, upon his relief from active duty under honorable conditions, be entitled to all of the reemployment rights and benefits provided by this section in the case of inductees, if he is relieved from active duty not later than three years after the date of entering upon active duty or as soon after the ex-

piration of such three years as he is able to obtain orders relieving him from active duty."

Section 9(g) of such Act was amended by the Act of June 19, 1951, 65 Stat. 75, 86–87 to read as follows:

"(g) (1) Any person who, subsequent to June 24, 1948, enlists in the Armed Forces of the United States (other than in a reserve component) and who serves for not more than four years (plus any period of additional service imposed pursuant to law) shall be entitled upon release from service under honorable conditions to all the reemployment rights and other benefits provided for by this section in the case of persons inducted under the provisions of this title.

"(2) Any person who, subsequent to June 24, 1948, enters upon active duty (other than for the purpose of determining his physical fitness), whether or not voluntarily, in the Armed Forces of the United States or the Public Health Service in response to an order or call to active duty shall, upon his relief from active duty under honorable conditions, be entitled to all of the reemployment rights and benefits provided by this section in the case of persons inducted under the provisions of this title, if he is relieved from active duty not later than four years after the date of entering upon active duty or as soon after the expiration of such four years as he is able to obtain orders relieving him from active duty.

"(3) Any employee who holds a position described in paragraph * * * (B) of subsection (b) of this section shall be granted a leave of absence by his employer for the purpose of being inducted into, entering, determining his physical fitness to enter, or performing training duty in, the Armed Forces of the United States. Upon his release from training duty or upon his rejection, such employee shall, if he makes application for reinstatement within thirty days following his release, be reinstated in his position without reduc-

tion in his seniority, status, or pay except as such reduction may be made for all employees similarly situated."

It will be observed that § 9(d) of the Selective Service Act of 1948, quoted above, grants jurisdiction, where a private employer fails or refuses to comply with the provisions of subsections (b) or (c) (1), to the District Court of the United States for the District in which such private employer maintains a place of business, to require such employer to comply with such provisions and to compensate any such person for any loss of wages and benefits suffered by reason of such employer's unlawful action. Subsection (d) does not in terms purport to grant jurisdiction to reemployment rights and benefits granted by subsection (g) (1) and (2). However, subsection (g) (1) and (2) of the Selective Service Act of 1948 provide that the persons referred to therein shall "be entitled to all of the reemployment rights and benefits provided by this section" in the case of persons inducted under the provisions of this title and under a liberal construction would seem to include the remedial provisions of subsection (d).

Under the provisions of subsection (g) (1) and (2) of the Selective Service Act of 1948, reemployment rights were extended to persons who enlist in or enter the service for not more than three years. The 1951 amendment extended those rights to persons who served for not more than four years. See United States Code Congressional and Administrative Service, 82nd Congress, First Session, 1951, Vol. 2, page 1501.

Subsection (g) (3) of the 1951 Act gives reinstatement rights to persons who leave private or Federal employment to enter the Armed Forces, but who are rejected by such Forces. In the House Report on the 1951 Act the following is stated with reference to subsection (g) (3):

"(3) *Reinstatement rights for persons rejected for military service.*—This proposal gives for the first time rein-

statement rights to those persons who leave private or Federal employment to enter the Armed Forces, but who are rejected by such forces. As written, the proposed legislation provides these reinstatement rights shall also be applicable to persons who leave private or Federal employment for the purpose of induction into, entering, determining their physical fitness to enter, or performing training duty in, the Armed Forces. The proposed legislation provides for the reinstatement of such persons provided they make application within 30 days following release." United States Code Congressional and Administrative Service, 82nd Congress, First Session, 1951, Vol. 2, page 1502.

It will be observed that subsection (g) (3) of the 1951 Act significantly omits the provision found in subsection (g) (1) and (2), giving to the persons embraced therein "all the reemployment rights and other benefits provided for by this section in the case of persons inducted under the provisions of this title." On the contrary, subsection (g) (3) specifically sets forth the reinstatement rights of persons coming within its purview, as follows: " * * * be reinstated in his position without reduction in his seniority, status, or pay except as such reduction may be made for all employees similarly situated."

■ Courts should confine themselves to the construction of a statute as it is written and not attempt to supply omissions or otherwise amend or change the law under the guise of construction.[2]

■ The fundamental rule of construction is that the court shall ascertain and give effect to the intention of the legislature, as expressed in the statute.[3]

■ An unambiguous statute should be given effect according to its plain and obvious meaning.[4]

■ The rights granted by subsection (g) (3) are clearly delimited by the language of the statute. When Congress added subsection (g) (3) in the amendatory Act of 1951, it did not amend the jurisdictional section. Neither did it include the general language referred to above in subsection (g) (1) and (2). By so doing neither, Congress clearly manifested an intent that actions to enforce the rights granted by subsection (g) (3) should only be brought in state courts.

■ It is well settled that state courts and Federal courts have concurrent jurisdiction of suits of a civil nature, arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the Federal courts, provided that courts of

2. 62 Cases, More or Less, Each Containing Six Jars of Jam v. United States, 340 U.S. 593, 600, 71 S.Ct. 515, 95 L. Ed. 566; Addison v. Holly Hill Fruit Products, 322 U.S. 607, 617, 618, 64 S. Ct. 1215, 88 L.Ed. 1488; Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 101, 57 S.Ct. 356, 81 L.Ed. 532; Ebert v. Poston, 266 U.S. 548, 554, 45 S.Ct. 188, 69 L.Ed. 435; United States v. Union Pacific Railroad Co., 91 U.S. 72, 91, 23 L.Ed. 224; E. C. Schroeder Co. v. Clifton, 10 Cir., 153 F.2d 385, 390, certiorari denied 328 U.S. 858, 66 S.Ct. 1351, 90 L.Ed. 1629; Clarke v. Harleysville Mutual Casualty Co., 4 Cir., 123 F.2d 499, 502; State v. Praetorians, 226 Ala. 259, 146 So. 411, 412; Taylor v. Fidelity & Casualty Co. of New York, 246 Ky. 598, 55 S.W.2d 410, 413; State v. Hallenberg-Wagner Motor Co., 341 Mo. 771, 108 S.W.2d 398, 400.

3. Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56, 58, certiorari denied 284 U.S. 666, 52 S.Ct. 40, 76 L.Ed. 564; Town of Clayton v. Colorado & S. R. Co., 10 Cir., 51 F.2d 977, 979, 82 A.L.R. 417; United States v. American Trucking Ass'ns, 310 U.S. 534, 542, 60 S.Ct. 1059, 84 L.Ed. 1345; City of Lincoln v. Ricketts, 297 U.S. 373, 376, 56 S.Ct. 507, 80 L.Ed. 724; Ebert v. Poston, 266 U.S. 548, 554, 45 S.Ct. 188, 69 L.Ed. 435; Pollard v. Bailey, 20 Wall. 520, 525, 87 U.S. 520, 525, 22 L.Ed. 376.

4. Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56, 58, certiorari denied 284 U.S. 666, 52 S.Ct. 40, 76 L.Ed. 564; Town of Clayton v. Colorado & S. R. Co., 10 Cir., 51 F.2d 977, 979; United States v. Missouri Pac. R. Co., 278 U.S. 269, 277, 49 S.Ct. 133, 73 L.Ed. 322.

the state are authorized by its constitution and laws to take jurisdiction.[5] A fortiori, it must be true that a state court has jurisdiction of a suit of a civil nature arising under the laws of the United States, where the Federal courts do not have jurisdiction of such a suit. We entertain no doubt that persons denied the rights granted them by subsection (g) (3) have a remedy in the state courts.[6]

The judgment is accordingly affirmed.

---

5. Grubb v. Public Utilities Commission, 281 U.S. 470, 476, 50 S.Ct. 374, 74 L.Ed. 972; Claflin v. Houseman, 93 U.S. 130, 136–137, 23 L.Ed. 833; Robb v. Connolly, 111 U.S. 624, 635–637, 4 S.Ct. 544, 28 L.Ed. 542; Second Employers Liability Cases (Mondou v. New York, N. H. & H. R. Co.), 223 U.S. 1, 56–57, 32 S.Ct. 169, 56 L.Ed. 327; Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 221–223, 36 S.Ct. 595, 60 L.Ed. 961.

6. Tsang v. Kan, 9 Cir., 173 F.2d 204, certiorari denied 337 U.S. 939, 69 S.Ct. 1515, 93 L.Ed. 1744; Hanebuth v. Patton, 115 Colo. 166, 170 P.2d 526.