SHREVE, APPELLANT, *v.* KERR, APPELLEE.

(No. 228—Decided April 23, 1957.)

*Mr. Judson C. Kistler,* for appellant.
*Messrs. Kibler, Hervey & Kibler,* for appellee.

COLLIER, P. J.  The appellant, herein referred to as the plaintiff, instituted this action against the appellee, herein referred to as the defendant, in the Common Pleas Court of Hocking County.  The petition sets forth three causes of action, the first two causes of action being for money only, amounts claimed by plaintiff to be due him from the defendant for labor and material furnished to the defendant in the completion of a contract between the defendant and the Director of Highways of the state of Ohio for widening and resurfacing a state highway in or near Logan, Hocking County, Ohio.  Plaintiff's third cause of action is for foreclosure of an alleged mechanic's lien on an attested account under Section 1311.30 *et seq.*, of the Revised Code of Ohio, covering the items of the first two causes of action.  Plaintiff avers the necessary steps to perfect such lien on the funds due the defendant on the contract and now held by the Auditor of State.

Plaintiff is a resident of Fairfield County and defendant is a resident of Licking County. The defendant was served with summons in Licking County and moved to quash the attempted service of summons on him on the ground that the action was improperly brought in Hocking County. The motion was sustained and the action against the defendant was dismissed. Plaintiff has perfected an appeal on questions of law from the granting of said motion.

Plaintiff contends that his action to foreclose the mechanic's lien on the fund due the defendant on the contract for the improvement of the highway in Hocking County is properly brought in that county. The defendant claims that the action was improperly brought in Hocking County for the reason that plaintiff was a resident of Fairfield County, the defendant was a resident of Licking County, and the funds or *res* upon which the lien is based were in the hands of the Auditor of State in Franklin County. Plaintiff is not attempting to impress a lien upon public property in Hocking County but claims a lien upon the fund due the defendant from the state of Ohio on the contract, which fund is now held by the Auditor of the State as stakeholder.

The only question for determination in this appeal is whether Hocking County is the proper place to bring this action and try this cause. The matter of venue, the county wherein a cause is to be tried, is regulated by statute in Ohio. In *Guy* v. *Pennsylvania Rd. Co.*, 54 Ohio Law Abs., 441, 87 N. E. (2d), 712, it is held:

"The subject of venue in Ohio is entirely in the control of the General Assembly and the common law as expressed by the decisions of other jurisdictions is immaterial."

The statutes which authorize the establishment of a mechanic's lien make no special provision concerning venue and, therefore, the general statutes fixing venue in civil actions apply in an action to foreclose such lien.

An examination of these statutes, Sections 2307.32 to 2307. 39, inclusive, Revised Code, discloses that, except in actions involving the subject of real property, specific performance of a contract, actions against a fiduciary and actions against a public officer or a corporation, all other actions must be brought in

the county in which a defendant resides or may be summoned.

The plaintiff claims no lien on any funds or any property in Hocking County; the funds upon which plaintiff is attempting to foreclose an alleged mechanic's lien are in the state treasury in Franklin County. It is elementary that the plaintiff may not maintain an action *in personum* against the defendant on his first two causes of action for money only, except in the county where the defendant resides and, since the fund upon which plaintiff bases the foreclosure of the lien is not in the geographic limits of Hocking County, our conclusion is that under the statutes fixing venue for civil actions the plaintiff has not established proper venue. Therefore, the Common Pleas Court was correct in granting the motion to quash the service of summons on the defendant. Furthermore, the lower court correctly dismissed the defendant from the action for the reason the Common Pleas Court of Hocking County did not and could not acquire jurisdiction over the person of the defendant. It follows that the judgment of the Common Pleas Court must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN, J., concurs.

McCURDY, J., not participating.