Fire Departments — Minimum Wage — Requirements 40 O.S. 197.2 [40-197.2] (1968), requiring a minimum wage of one dollar ($1.00) per hour, does apply to compensated members of municipal fire departments in Oklahoma in circumstances which comply with the provisions of 40 O.S. 197.1 [40-197.1] — 40 O.S. 197.1s [40-197.1s] (1968). The Attorney General has had under consideration your letter of January 22, 1968, requesting an opinion on the following question: Does 40 O.S. 197.2 [40-197.2] (1967), requiring a minimum wage of $1.00 per hour, apply to members of municipal fire departments in Oklahoma? 40 O.S. 197.2 [40-197.2] (1967), provides in part: ". . . No employer within the State of Oklahoma shall pay any employee a wage of less than One Dollar ($ 1.00) per hour on and after the effective date of this act." 40 O.S. 197.4 [40-197.4] (1967), makes the following definition applicable to the act: "(d) 'Employer' means any individual, partnership, association, corporation, business trust, or any person or group of persons, hiring more than (8) persons; . . . ." (Emphasis added) While the courts in all jurisdictions have not consistently held that the term "corporation" includes municipal corporations, the majority held to the effect that the mere word "corporation" appearing in a statute is sufficient to include municipal corporations. Sumid v. City of Prescott, 27 Ariz. 111, 230 P. 1103. Conrad v. City of Pittsburg, 421 Pa. 492, 218 A.2d 906. Guy v. Pennsylvania R. Co., Ohio, 87 N.E.2d 712. New Orleans Commercial Corporation v. City of Al bertville,32 F. Supp. 9 (Ala. 1940). City of Lincoln v. Ricketts, 197 U.S. 373,56 S.Ct. 507, 80 L.Ed. 724. Martin v. Tucker,176 Kan. 192, 269 P.2d 447. In Commonwealth v. Witman,217 Pa. 411, 66 A. 986, 987, the court held: "The term 'corporation' includes in its legal, as well as in its popular, sense an incorporated city." In Oklahoma City v. District Court, 168 Okl. 235, 32 P.2d 318, the Supreme Court of Oklahoma in construing Section 1 12 O.S. 1931 which provided for service of a summons on corporations, held: "The evident meaning of the word 'corporation' in that section is to include municipal corporations." Accordingly, it is not unreasonable to assume that municipal corporations are included within the meaning of the word "corporation" as used in 40 O.S. 197.4 [40-197.4](d) (1967), especially in light of the policy and apparent intent of the legislature in enacting the minimum wage act. 40 O.S. 197.5 [40-197.5] (1967), provides: "On and after August I, 1965, every employer shall pay to each of his employees who have reached the age of eighteen years but not the age of sixty-five years, wages at a rate of not less than One Dollar ($1.00) per hour. Regardless of other provisions of this act, every employee of the State of Oklahoma or any lessee or concessionaire thereof is hereby specifically covered by this act." In City of Sapulpa v. Land,101 Okl. 22, 223 P. 640, 35 A.L.R. 872, the Oklahoma Supreme Court held: ". . . that municipal corporations are bodies politic and corporate created by the legislatures as governmental agencies of the State and they can only exercise such power as they derive from their source of creation. . . . . " 'The powers which they exercise in their public capacity are the powers of the state and the duties with which they are charged are the duties of the state.' " Numerous other authorities recognize that a municipal corporation is an agent, agency, subdivision or instrumentality of the state, City of Tulsa v. Wheetley,187 Okl. 155, 101 P.2d 834. City of Pawhuska v. Pawhuska Oil Gas Co., 27 (Okl.) 250 U.S. 394, 39 S.Ct. 526,63 L.Ed. 1054. Meriweather v. Garrett, 102 U.S. 472,26 L.Ed. 197. 62 C.J.S., Municipal Corporations, Section 3(b)(2), p. 69. Thus it is not unreasonable to conclude that a municipal corporation as an instrumentality of the state is charged with the same duty placed upon the state. However, it is not determinable whether we here hold a municipality as a corporation or as a part of the state since under either theory a municipal corporation would be an employer under the minimum wage act, 40 O.S. 197.1 [40-197.1] — 40 O.S. 197.15 [40-197.15] (1967). A member of a fire department of a municipal corporation would thus be an employee of an employer under the coverage of the act unless otherwise exempt. 40 O.S. 197.4 [40-197.4](e) (1967), defines "employees" covered by the act as any individual employed by an employer except as specifically exempted. Section 197.4(e) lists some eighteen exemptions, but neither municipal employees nor firemen are exempted. As regards fire departments for unincorporated areas, we note 18 O.S. 592 [18-592] (1961), which provides for the incorporation of volunteer or full-time fire departments as benevolent or charitable corporations within such areas. 18 O.S. 594 [18-594] (1961), provides: "Any benevolent or charitable corporation formed in an unincorporated area for the purpose of providing either a volunteer or a full-time fire department, such as is mentioned in Section I of this Act, shall be considered an agency of the State of Oklahoma while actually performing the function of providing fire protective services either within or without the unincorporated area wherein it is situated . . . ." Thus, compensated firemen of such fire departments are employees of a corporation or the state, either of which brings them within the coverage of 40 O.S. 197.1 [40-197.1] — 40 O.S. 197.15 [40-197.15] (1967). Therefore, it is the opinion of the Attorney General that 40 O.S. 197.2 [40-197.2] [40-197.2] (1967), requiring a minimum wage of one dollar ($1.00) per hour, does apply to compensated members of municipal fire departments in Oklahoma in circumstances which comply with the provisions of 40 O.S. 197.1 [40-197.1] — 40 O.S. 197.15 [40-197.15] [40-197.15]. (Penn Lerblance) ** SEE: OPINION NO. 71-259 (1971) ** ** SEE: OPINION NO. 71-259 (1971) ** ** SEE: OPINION NO. 80-166 (1980) **